## Joe Cooper v. State.

### No. 2286.  Decided February 26, 1913.

**1.—Accomplice—Murder—Evidence—Other Offense.**

Where defendant was indicted as an accomplice to the murder of A and the State was permitted to introduce evidence over defendant's objection that he had procured his principal to kill M, the same was reversible error, as there was no allegation in the indictment that defendant advised his principal to kill the latter.

**2.—Same—Accomplice—Rule Stated—Conspiracy—Offense Defined.**

To constitute an accomplice under our statute, it must be charged and proved, first, that an agreement had been entered into and the principal had been advised or commanded by the accomplice to commit the crime; second, that the principal committed the offense; third, that before the crime was committed, the accomplice advised or commanded the principal to do the particular overt act, or some act within the purview of the original design; fourth, that these acts were within the term of the conspiracy or agreement between the principal and accomplice.

**3.—Same—Rule Stated—Indictment—Principal—Accomplice.**

Inasmuch as our statute has created a difference between principals and accomplices, it necessarily follows that indictments must follow this distinction in charging the imputed dereliction, as an accomplice cannot be convicted under an indictment charging the party as a principal, or vice versa.

**4.—Same—Theory of the State—Case Stated—Mistake.**

Where the theory of the State's evidence was that the principal was employed by the accomplice to kill M and that the principal by mistake killed A, but this mistake was not charged in the indictment nor was the conspiracy to kill M charged in the indictment, the conviction could not be sustained.

**5.—Same—Statutes Construed—Mistake of Fact—Independent Design.**

See opinion construing Articles 48, 49, 50, 80, 82, Revised Penal Code, with reference to accomplices and principals, and the commission of other offenses by accident or mistake, holding that the independent design of the principal to kill deceased cannot constitute guilt of the alleged accomplice, and that a mistake or accident on the part of the principal must grow out of or be connected with the original design between the principal and the accomplice.

Appeal from the District Court of Bowie. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of murder in the second degree; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*R. H. Jones* and *Mahaffey & Thomas*, for appellant.—On question of admitting evidence of another offense than the one alleged in the indictment: Arcia v. State, 28 Texas Crim. App., 198; Mitten v. State, 24 id., 346; Powell v. State, 12 id., 238; 11 Am. & Eng. Cyc., p. 533; Carbough v. State, 49 Texas Crim. Rep., 452, 93 S. W. Rep., 738.

*C. E. Lane*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted as an accomplice to the murder of Hub Anderson.

Where a party is charged as an accomplice under the statute with the commission of a felony, the case assumes by virtue of such a charge the nature, to some extent at least, of a conspiracy. There must be an antecedent agreement between the principal and the accomplice to the effect that a crime be committed by the principal, and this crime must be the subject of such agreement between the parties. It is requisite that the principal shall agree to commit the designated or mentioned crime, and it is further requisite that he commit the crime in order to secure the conviction of the accomplice. There can be no accomplice until the principal has committed the offense. The mere advising or commanding to commit an offense does not render the accomplice guilty unless the agreement between the parties reaches the dignity of a conspiracy. In that case, of course, the conspiracy being an independent offense under our statute, all the parties to it would be guilty of the conspiracy. It is not sufficient that an agreement exists between the principal and the accomplice; it must further be alleged and proved that the crime was committed by the principal. We are not here discussing the question of conspiracy as an independent offense when the accusation pleaded in the indictment is conspiracy. The statute has made a distinction between a conspiracy as an offense and an offense committed by the principal, moved and instigated by an accomplice. A conspiracy is complete as an offense when a positive agreement has been made between the parties to commit a felony, but this is not the case as to principals and accomplices. Where the party is charged as being an accomplice, the principal must commit the crime, thereby becoming the real actor in the crime. Those not present or participating in the actual commission of the crime may and usually do become accomplices under the Texas statute. Though a conspiracy is a distinct crime, and punishable as such, yet it may be in a certain sense

a part of the offense subsequently actually committed in pursuance of or in accordance with such conspiracy. In the crime of conspiracy it is sufficient to charge that offense and go no further, but if the conspiracy is consummated by executing the purposes of the conspiracy, then the actual perpetrator becomes a principal and the absent conspirators are to be punished as accomplices. These distinctions necessarily follow from the provisions of the Texas statutes. In some states the difference between accessories before the fact, or accomplices under our statute, and principals, has been abolished, but that is not the case in Texas. To constitute an accomplice under our statute, it must be charged and proved, first, that an agreement has been entered into, that is, the principal has been advised and commanded to commit the crime; second, that he committed the offense; (in that case he is a principal); third, that before the crime was committed the accomplice advised or commanded the principal to do the particular overt act, or some act within the purview of the original design; fourth, that these acts were within the terms of the conspiracy or agreement between the parties, principal and accomplice. Inasmuch as our statute has created a difference between principals and accomplices, it follows necessarily that indictments must follow this distinction in charging the imputed dereliction. An accomplice cannot be convicted under an indictment charging the party as a principal, nor can a principal be convicted under an indictment charging that he is an accomplice. The above propositions are so well settled that it is unnecessary to discuss them or cite authorities in support. It is as well the law that the indictment must charge the elements of the offense set forth in the legislative act creating that offense. It is not necessary to discuss this question as it is axiomatic, and unless the pleadings so aver they are insufficient and are demurrable.

Appellant was convicted under an indictment charging him to be an accomplice to Frank Rutherford whom he, appellant, had previously advised, commanded and encouraged to kill Hub Anderson. The indictment also charges the killing of Anderson by Rutherford and the absence of appellant at the time and from the place of the homicide. Upon the trial the State was permitted to introduce evidence, over appellant's objection, that appellant had procured Rutherford to kill Clarence McDonald. These objections were manifold, all concentrating in the general or central proposition that the allegations of the indictment did not authorize the admission of such evidence, and that such evidence would authorize appellant's conviction for an offense not charged in the indictment, and that he could not plead jeopardy, etc. It is unnecessary to state the grounds of objection in detail. They are full and ample. We are of the opinion the evidence was inadmissible. There was nothing in the indictment to indicate that appellant advised Rutherford to kill McDonald. The charge was that he advised Rutherford, the principal, to kill Ander-

son. There was, therefore, nothing in the pleadings notifying or suggesting to appellant that he would be called upon to answer for an agreement or conspiracy to kill McDonald. He was notified by the averments in the indictment, and called upon to meet a charge that he had only advised Rutherford to kill Anderson. The facts show conclusively that appellant had not advised Rutherford to kill Anderson, but had advised him to kill McDonald, thereby disproving the charges contained in the indictment. The theory of the State's evidence sustained by the court, was that Rutherford was employed by appellant to kill McDonald, and that Rutherford by mistake killed Anderson, but this mistake was not charged in the indictment, nor was the conspiracy to kill McDonald charged in the indictment. If the State relied upon that character of evidence, the indictment should have so charged. The case charged and that sought to be shown by the State in support of the indictment are entirely different, and materially so, and in contravention of the statute.

Article 48 of the Revised Penal Code reads as follows: "If one intending to commit felony, and in the act of preparing for or executing the same, shall, through mistake or accident, do another act which, if voluntarily done, would be a felony, he shall receive the punishment affixed by law to the offense actually committed."  ·

Article 80 of the Revised Penal Code reads as follows: "To render a person guilty as an accomplice, it is not necessary that the precise offense which he may have advised, or to the execution of which he may have given encouragement or promised assistance, should be committed; it is sufficient that the offense be of the same nature, though different in degree, as that which he so advised or encouraged."

Article 82 of the Revised Penal Code reads as follows: "If in the attempt to commit one offense the principal shall by mistake or accident commit some other under the circumstances set forth in articles 48, 49 and 50, the accomplice to the offense originally intended shall, if both offenses are felonies by law, receive the punishment affixed to the lower of the two offenses; but, if the offense designed be a misdemeanor, he shall receive the highest punishment affixed by law to the commission of such misdemeanor, whether the offense actually committed be a misdemeanor or a felony."

If under the terms of Article 48, supra, Rutherford intended to kill McDonald but through mistake killed Anderson, he would be guilty of murder in the second degree. This is so well settled it is not deemed necessary to discuss it. Those who desire to investigate the matter, however, will find the cases collated in Branch's Crim. Law, sec. 429. If Rutherford killed Anderson upon his independent design, appellant would not be responsible for the homicide, and would, therefore, not be subject to punishment. This question is not debatable. See Branch's Crim. Law for collation of authorities, sec. 242. If Rutherford intending to kill McDonald by mistake killed

Anderson, and this in pursuance to the advice or command of appellant to kill McDonald, the killing as to Anderson would be of no higher nature than murder in the second degree, and it might also be murder in the second degree as to appellant, under the terms of articles 48, 80 and 82, supra. By the terms of Article 80, supra, it is not necessary that the "precise offense" which the alleged accomplice advised the principal to commit, be committed by the principal in order to render the accomplice guilty, but it is necessary that the offense "be of the nature," though it may be "different in degree." By the terms of Article 82, supra, it is also necessary that the principal "shall by mistake or accident commit" such other offense in order to render the accomplice responsible, and this mistake or accident must grow out of or be connected with the original design, or agreement between the principal and the accomplice; it cannot relate to an independent design on the part of the principal in killing another than the one originally contemplated or embraced in the terms of the statute. The independent design of the principal to kill the deceased cannot constitute guilt of the alleged accomplice in any way under the terms of our statute. If the design was to kill A, and by mistake the principal should kill B, it might constitute principal and accomplice guilty. Of course, this would only arise in executing the original design of the principal and accomplice to kill A. If the principal of his own design, and not in accord with the original design to kill A, should kill B, and this of his independent design, it would not constitute the accomplice guilty of the homicide. Mistake or accident would in that character of case be eliminated, and the accomplice would not be guilty. Applying these principles to the allegations in the indictment, we are of the opinion the court erred in admitting the testimony of which complaint is made. The indictment charged the killing of Anderson by Rutherford by reason of the advice, command and encouragement of appellant. Anderson was not contemplated in the design of the agreement between Rutherford and appellant by which McDonald was to be killed, but McDonald was, under the State's theory, and only McDonald, in contemplation. By the terms of Articles 48, 80 and 82, supra, as it was necessary to prove that the purpose of the agreement was to kill McDonald, it was, therefore necessary to so allege in the indictment, otherwise the State's case under the statute was not charged. A direct agreement between the parties to kill Anderson was alleged, but nothing was said in the indictment in regard to McDonald or in reference to any mistake or accident in the killing of Anderson under the belief that it was McDonald. It was essential to prove that the agreement was to kill Anderson under the allegations of the indictment, for the simple reason it was directly and positively so alleged. It was not only not proved that there was an agreement to kill Anderson, but it was positively disproved by all of the evidence. The State's evidence conclusively shows that the killing of Anderson

by Rutherford was a mistake; that Rutherford thought he was killing McDonald at the time he fired the shot, at least this is the testimony of Rutherford who turned State's evidence, and this was the State's theory. The purpose of the State throughout was to corroborate Rutherford as best it could to show the above state of facts. In fact, the State contended and offered all of its evidence to show that the conspiracy was to kill McDonald, and that the killing of Anderson was a mistake. Therefore, under the terms and allegations of the indictment the testimony to which objection was reserved ought not to have been admitted. Appellant's objections are well taken and ought to have been sustained.

There are other questions arising in the case, some of which are corollaries of the question already discussed. It is unnecessary to discuss those. The decision of those questions will necessarily follow the decision of the main question.

For the reasons indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*