## CHEATHAM v. STATE OF TEXAS.
### No. 6076.

Circuit Court of Appeals, Fifth Circuit.
April 9, 1931.
Rehearing Denied May 5, 1931.

D. D. McDonald, of Galveston, Tex., and E. A. Berry and Robert L. Henry, both of Houston, Tex., for appellant.

E. T. Branch, of Houston, Tex., for the State of Texas.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellant was convicted under the first of the two counts of an indictment found against him in the criminal district court of Harris county, Tex. The first count charged that appellant "on or about the 10th day of May, A. D. 1930, in said county and State did then and there commit the offense of transporting intoxicating liquor, as an ac-

complice, in this, to-wit: Ivy T. Wharton on or about said May 10th, 1930, in said county and State, did then and there transport intoxicating liquor; and the grand jury aforesaid, upon their oaths, in said Court, at said term, further present, that said D. R. Cheatham did then and there before said Ivy T. Wharton did so transport said liquor, advise and encourage said Ivy T. Wharton to so transport said liquor, and that said D. R. Cheatham did then and there agree with said Ivy T. Wharton to aid him, the said Ivy T. Wharton, in committing said offense so committed by the said Ivy T. Wharton; and that the said D. R. Cheatham was not then and there present at the commission of the offense of transporting the said intoxicating liquor so transported as aforesaid by said Ivy T. Wharton."

The second count charged the unlawful transportation of intoxicating liquor by the appellant. Pursuant to a petition of the appellant which alleged that he was acting in the performance of his lawful duties as a federal prohibition agent in the transaction upon which the charges contained in the indictment were based, and which asserted the right to remove provided for by statute (28 USCA § 76), the cause was removed to the court below. Upon the conclusion of the evidence introduced by the state, the announcement was made by the state that it elected to stand on count 1 of the indictment.

There was testimony to the following effect: The appellant, while he was a federal prohibition agent, for the purpose of "framing" one Edwards, or having him falsely charged with unlawfully transporting intoxicating liquor, arranged with C. H. Smith for the latter to get E. T. Wharton, who was called Curly Wharton, to transfer an old automobile from his name to the name of Edwards, to get Ivy T. Wharton to place whisky in that car, and leave it with the whisky in it at some parking place in the city of Houston, for Smith, then informing appellant of the location of the car; and appellant promised to pay to Smith and to each of the Whartons a stated sum of money for taking part in the transaction arranged for. After the things so arranged for had been done, appellant seized the car mentioned, had the liquor it contained brought to the prohibition office, and had Edwards charged with a violation of the National Prohibition Act (27 USCA). A few days later, when Edwards was claiming that he had been framed, appellant asked Smith over the telephone to make the Whartons keep their mouths shut. Appellant did

not know either of the Whartons personally, and did not deal directly with either of them in regard to the transaction mentioned. Assignments of error are based on rulings of the court on objections to evidence and on its refusal to give requested instructions to the jury.

■ Appellant complains of the admission of testimony as to E. T. Wharton leaving town after the frame-up. It does not appear from the record that the question calling for that testimony was objected to before a responsive answer to such question was made. Furthermore, it does not appear that the action of the court in overruling the objection to that question was excepted to. That ruling is not presented for review.

■ Appellant objected to testimony as to his having in his possession a diamond ring which had belonged to Smith. The record indicates that that objection also was not made until after questions as to his having the ring had been answered. We think there is no merit in the assignment of error based on that ruling. It seems that that testimony was admissible in rebuttal of testimony of the appellant to the effect that he had not been intimate with Smith and had not had dealings with him which were inquired about and testified to by Smith.

■ The court's refusal to give a requested instruction to the jury to find a verdict of not guilty is challenged on the ground that there was a fatal variance between the allegations of count 1 of the indictment and the evidence offered in support thereof. The charge made by that count is to be considered in the light of the following provision of the Texas Penal Code:

"Art. 70. (79) *Who is an Accomplice.*— An accomplice is one who is not present at the commission of an offense, but who, before the act is done, advises, commands or encourages another to commit the offense; or

"Who agrees with the principal offender to aid him in committing the offense, though he may not have given such aid; or,

"Who promises any reward, favor or other inducement, or threatens any injury in order to procure the commission of the offense; or,

"Who prepares arms or aid of any kind, prior to the commission of an offense, for the purpose of assisting the principal in the execution of the same."

For the appellant it was contended that count 1 of the indictment charged him with

becoming an accomplice of Ivy T. Wharton only in one or more of the ways specified in the first and second subdivisions of the above set out statute, and that the only evidence as to appellant becoming an accomplice of Ivy T. Wharton was testimony to the effect that he did so in the way specified in the third subdivision of that statute by promising a reward, favor, or other inducement for the commission of the crime alleged. There was evidence tending to prove that appellant, acting through Smith as his agent, selected for the purpose of bringing about the transportation of prohibited liquor, before the act was done, advised or encouraged Ivy T. Wharton to commit the offense. What one does through another he does himself, though the thing done is a crime. Carlisle v. State, 31 Tex. Cr. R. 546, 21 S. W. 358. There is no material variance between an allegation that one committed a described criminal act and evidence that another as his agent and acting at his instance successfully advised or encouraged a third person to commit that crime, as an allegation of an indictment that one did an act is supported by proof that he caused it to be done by another. Commonwealth v. Park & Reed, 1 Gray (Mass.) 553; 1 Wharton on Criminal Evidence (10th Ed.) § 102. In support of the last-mentioned contention, reference was made to expressions contained in the opinion in the case of Cooper v. State, 69 Tex. Cr. R. 405, 154 S. W. 989. The report of that case does not indicate that it involved the question whether one is or is not guilty as an accomplice as a result of his having his agent induce a third person to commit a crime.

■ Another ground on which the court's refusal to direct a verdict of not guilty is assailed is that there was no evidence tending to prove that the liquor in the bottles, which testimony showed were transported in the car mentioned, was intoxicating. The claim that the evidence was not such as to support a finding that the liquor in the bottles was intoxicating is based principally upon the testimony on cross-examination of one Graf, a prohibition agent, who after the seizure of the car took the bottles from the car and stored them. He stated that he destroyed that liquor after the death of Edwards; that all of it was labeled liquor; that there were nine quarts labeled "Bacardi Rum," two quarts labeled "Gin," two quarts labeled "Cognac," and two quarts of White Label whisky; that the liquor he poured from those bottles smelled like whisky, but he did not taste it or analyze it; that he would not be

positive that any of the stuff that came out of that car was whisky, but everything, including other seized liquors that he poured out on that occasion, smelled like whisky, and it all had the same color. There was testimony to the effect that the liquor which was transported in that car was supplied by bootleggers who were engaged to put intoxicating liquor in it. The circumstance that those persons were to be paid for what they were engaged to do after the contemplated seizure of the car because of its use in transporting intoxicating liquor was one proper to be considered by the jury in determining whether the liquor found in the car was or was not intoxicating. Frequently throughout the testimony witnesses, without objection, referred to that liquor as whisky. The evidence was such as to make the question whether the bottles found in the car did or did not contain intoxicating liquor one for the jury. It may be added that the appellant, in his petition for the removal of the case to the court below, stated under oath, with reference to the car mentioned after its seizure, that "petitioner and the agent with him searched the car and found intoxicating liquor in it." We conclude that the ruling under consideration was not erroneous.

■ After the conclusion of the court's charge to the jury, counsel for appellant asked the court to charge the jury that, although they might convict upon the uncorroborated testimony of an accomplice, nevertheless they must scrutinize that testimony very carefully and consider the fact that he is an accomplice and a self-confessed perpetrator of the same crime with which the defendant stood charged. The court declined to comply with that request, stating that he had in effect charged as requested. The proposition embodied in that request was fully covered by the charge given to the jury, which pointedly called to the attention of the jury the duty of carefully scrutinizing incriminating testimony of witnesses who were implicated in the commission of the crime charged. Furthermore, a Texas statute provides that a purchaser, transporter, or possessor of prohibited liquor is not to be held an accomplice, when a witness in any trial. Vernon's Anno. Penal Code of Texas, Supp. 1922, art. 588¼ a 3 (now Rev. St. 1925, art. 5079).

■ Assignments of error are based on the alleged refusal of the court to give requested special charges which are set out in the transcript, but are not referred to in the bill of exceptions. Nothing contained in the record

indicates that any action of the court with reference to those requested charges was excepted to. No ruling thereon is presented for review.

The record shows no reversible error.

The judgment is affirmed.