JAMES SCOTT V. THE STATE.

No. 10782.    Delivered March 23, 1927.

1.—Possessing Equipment, Etc.—Bills of Exception—To Charge of Court— No Error Shown.

Where bills of exception complaining of the charge of the court, are qualified by the trial judge with the statement that no objections or exceptions were urged to said charge before it was read to the jury, such bills show no error.

2.—Same—Continued.

Since the Acts of the Thirty-third Legislature, passed in 1913 (Art. 658, C. C. P., 1925), which provides that the failure to object to the court's charge in writing, distinctly specifying each ground of objection, prior to the reading of same to the jury, waives such objections, and exceptions to the charge raised after verdict cannot be considered on appeal.

3.—Same—Evidence—Hearsay—Improperly Admitted.

Where, on a trial for the possession of a still, etc., the state was permitted to prove by the sheriff, over the objection of appellant, that the state

witness, Linson, told him (the sheriff) that the still in question belonged to the Johnson boys, the appellant and some other parties. This testimony was purely hearsay, and its admission necessitates the reversal of the case.

Appeal from the District Court of Cass County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for the possession of equipment, etc., for the purpose of manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Bartlett & Newland* of Linden, for appellant. On admission of hearsay testimony, appellant cites: Clay v. State, 51 S. W. 212, and authorities there cited; and Walker v. State, ·228 S. W. 220.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of possessing equipment (a still) for the manufacture of intoxicating liquor, and his punishment assessed at one year in the penitentiary.

It was the contention of the state, and evidence was introduced to that effect, that the appellant was seen by the state's witnesses manufacturing whiskey in a copper still, and that upon said information being conveyed to the peace officers, the sheriff and his deputy, in company with the witness, Linson, captured the still at the place where the state contended that appellant was seen manufacturing intoxicating liquor about a week prior thereto. The appellant defended upon the ground of an alibi, and contended that he knew nothing of the alleged offense in question.

The record contains four bills of exception. Bills 1 and 2 complain of the charge of the court, but these bills are qualified by the trial court, without objection by appellant, to the effect that no objections or exceptions were urged to said charge before it was read to the jury. Since the Acts of the Thirty-third Legislature were passed in 1913 (Art. 658, 1925 C. C. P.), the law has been that a failure to object to the court's charge in writing, distinctly specifying each ground of objection, prior to the reading of same to the jury waives such objections. There is no error shown in these bills of exception.

In bill No. 3 complaint is made to the action of the court in permitting the sheriff, Stone, to testify in behalf of the state to

the effect that the state's witness, Linson, told him that the still in question belonged to the Johnson boys, the appellant, and some other parties. The objection urged to this testimony was that it related to a conversation had in the absence of the appellant and that it was hearsay. The court, in his qualification of this bill, refers us to the statement of facts. We find nothing in the qualification or in the statement of facts which renders this hearsay testimony admissible. This was clearly hearsay testimony, and the learned trial court fell into error in admitting same.

The matters complained of in bill No. 4 are not likely to arise again upon another trial, and it is therefore unnecessary to discuss same.

For the error above discussed, the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.