JUSTO LOPEZ v. THE STATE.

No. 12479. Delivered April 24, 1929.
Rehearing denied June 5, 1929.

518

The opinion states the case.

*Lloyd & Lloyd* of Alice, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, twenty-five years in the penitentiary.

For the first time in his motion for new trial appellant complains of certain matters in the charge of the court which are not deemed fundamentally erroneous, if at all. Where it appears from the record that no exceptions were taken to the charge of the court, we uniformly hold an attempt to raise irregularities therein for the first time in the motion for new trial, to come too late. Wilson v. State, 83 Texas Crim. Rep. 93; Olsup v. State, 85 Texas Crim. Rep. 36; Flores v. State, 86 Texas Crim. Rep. 235; Brown v. State, 88 Texas Crim. Rep. 55; Hill v. State, 89 Texas Crim. Rep. 450; Roberts v. State, 99 Texas Crim. Rep. 492.

We have carefully examined the evidence and are of opinion same is sufficient to afford justification for the verdict. Appellant with a shot gun shot deceased at close range as the latter approached the place where his wife and children and appellant were located. There

had been some estrangement between deceased and his wife, who was a sister of appellant, and she had caused the arrest of deceased for wife desertion. On the night in question deceased asked some parties to go with him to where his wife was staying with her children and her brother, this appellant, the avowed purpose of deceased being to talk matters over with his wife. A young man who went with deceased on said occasion testified that he called out when they approached the house, to the wife of deceased, that her husband was there and wanted to speak to her. She testified that when this occurred she waked appellant, who thereupon put a shell in his shot gun and shot deceased, who was on the outside of the house. When the body of deceased was found the next morning he had in one hand a partially smoked cigarette, and in the other an unlighted match. Appellant claimed self-defense, and testified to some threats made by deceased, and that when he saw deceased coming toward him he fired in self-defense. These conflicts in the testimony have been settled by the jury adversely to appellant.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

HAWKINS, J., absent.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The wife of Pedro Lopez, the deceased, was the sister of the appellant, Justo Lopez. Appellant came to Texas a short time before the homicide. He and his sister caused the arrest of the deceased upon the claim that he had deserted his family and taken with him some $300.00 or $400.00. He was arrested and $63.00 were found in his possession, a part of which was used in payment of his fine. While under arrest the deceased threatened to kill the appellant. A settlement of their differences was afterwards made, by which the deceased agreed to return to Mexico and that his wife would follow him later. They were in accord, however, upon a separation. The deceased and his family, together with the appellant, had been living in a small shed on the farm of Mr. Foley. At the time of the homicide the appellant and the family of the deceased were in the shed mentioned. Late in the night the deceased came to the farm on which he lived and requested the party in charge to go with him to the shed in order that he might talk to the parties. The son of the keeper accompanied the deceased. Upon reaching there the wife

of the deceased was told that her husband desired to speak to them. She awoke the appellant, who, using a shotgun, fired and killed the deceased. He fell a few feet from the door of the house where his body was found on the following morning. Upon his falling, Garcia, who was with him, left. On the body of the deceased was found a large butcher knife in his belt, an unlit match in one hand and a cigarette in the other. The wife of the deceased testified that he lived for about half an hour after he was shot; that neither she nor the appellant went to his body. The testimony of the appellant touching the incidents of the homicide was not materially different from that of the State's witnesses. The appellant testified that when he was awakened by the wife of the deceased, he loaded his gun and fired, whereupon the deceased fell; that he shot because the deceased had threatened to kill him.

In a very forceful motion it is insisted that there is not evidence of malice, and that the case was not properly submitted in the charge of the court. The court instructed the jury on the law of murder and defined malice and gave quite a comprehensive charge on the law of self-defense embracing the subject of both real and apparent danger.

In his motion for new trial the appellant set up newly discovered evidence, which was the affidavit of the county attorney to the effect that the deceased had entered a plea of guilty of wife desertion after the filing of the complaint against him and that it was understood by the witness that he paid a fine and left about $27.00 with the sheriff which was given to the wife of the deceased. This seems to be entirely cumulative to the testimony upon the trial. Moreover, there is a lack of the diligence essential to a reversal upon the ground of newly discovered evidence.

The sufficiency of the evidence to show malice is not deemed open to serious question. It is a question of fact inferable from the circumstances attending the homicide. It has long been the rule that "where it is shown that homicide was intentionally committed, and the facts show that it was done either with express malice nor under circumstances excusing, justifying or mitigating the act, the law in that event implies malice," Branch's Crim. Law, p. 255, sec. 426. Under a favorable charge on self-defense the jury rejected that defensive theory. The state of the appellant's mind at the time he fired the fatal shot is not a question of law but one of fact. See Claxton v. State, 105 Tex. Crim. Rep. 309, (opinion on motion for rehearing, p. 311).

The court's charge is criticized. In the case of Miller v. State, 13 S. W. (2d) 865, the appellant claims that the charge was defective in failing to instruct the jury that an essential ingredient of the offense of murder was the intent to kill. We find that such an instruction was embraced in the court's charge in the present instance wherein it is said:

"* * * with intent to kill, did unlawfully and with malice aforethought shoot Pedro Lopez with a gun and thereby kill said Pedro Lopez as charged in the indictment, etc."

The criticism of the instruction in the charge that the defendant, "with a deadly weapon or instrument reasonably calculated and likely to produce death by the mode and manner of its use, etc." is not deemed tenable. In fact, no substantial fault in the instruction given the jury has been perceived. Under Art. 666, C. C. P., a reversal for any fault in the charge in the present case would not be within the scope of the authority of this court. What has been said touching the charge deals with it on its supposed merits. All the criticisms, however, relate to matters which were waived by the failure to direct the trial court's attention to them at the time of the trial; and to complain of its ruling by appropriate exception, the subject is covered by statute, Arts. 658, 659, and 660, C. C. P. The authorities cited in the original opinion have but application to the law contained in the provisions of the statutes mentioned.

The motion for rehearing is overruled.

*Overruled.*