# FELIPE PEREZ V. THE STATE.

No. 16440. Delivered March 14, 1934.
Reported in 69 S. W. (2d) 420.

The opinion states the case.

*Chas. J. Stein,* of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is misdemeanor theft; the punishment, confinement in jail for one year.

Elmo Blake, a witness for the state, testified, in substance, as follows: He operated a Gulf filling station in Corpus Christi. On the 6th of September, 1933, he heard a noise in the filling station. Upon entering the room in which the cash register was located he discovered appellant in the act of taking the money out of the cash register and putting it in his pocket. He grabbed appellant and, holding him, made him empty one of his pockets of an amount of money approximating twenty-six dollars. This was the money appellant had taken from the register. Holding appellant by the arm, he started to call for the officers. While he was telephoning, appellant disengaged himself and started to run down the street. He left the telephone and pursued appellant, who had a knife in his hand as he was pursuing him. He caught appellant after running him for several blocks. He took him to jail, where he was searched and $4.90 found in his pockets.

Appellant testified that he entered the filling station for the purpose of going to the rest room; that he noticed that the cash register was open, and that as he started for the rest room, he met Elmo Blake coming out; that he did not open the cash register and take any money therefrom; that when Blake saw him in the station he accused him of trying to rob the station and he denied the charge; that when Blake called for the police he ran down the street pursued by Blake; that the $4.90 taken from him at the jail had been earned by him while serving a sentence in jail, he having been released from jail nine days before the alleged theft. Appellant testified on his cross-examination that he had been sent to jail for carrying a pistol; that he had theretofore been convicted for fighting; that he had once served eight months for attempt to murder.

In bill of exception No. 1 it is recited that the county attorney asked appellant on cross-examination the following question: "For what offense were you convicted the last time you were in jail?" Over appellant's objection to the effect that it was a misdemeanor not involving moral turpitude, he was required to answer that he had been fined a hundred dollars and

costs on a charge of carrying a pistol. This testimony was inadmissible. It was a misdemeanor not involving moral turpitude. However, appellant had testified on his direct examination upon questions propounded by his counsel that he had been released from jail nine days before the alleged theft. He went into the matter of having been in jail. Under the circumstances, we would not feel warranted in holding that the additional information elicited from appellant by the county attorney to the effect that his incarceration was for carrying a pistol should work a reversal of the judgment.

In bill of exception No. 2 appellant complains of the action of the county attorney in asking him on cross-examination if he had not been arrested in Robstown for theft and tried therefor. The question was proper for the purpose of impeachment. The offense of theft involves moral turpitude. It is observed that appellant answered in the negative. The bill fails to reflect error.

Bill of exception No. 3 shows that upon cross-examination appellant was asked if he had not been arrested for theft by Mr. Jenkins, a peace officer. He answered in the negative. The question was not proper inasmuch as the mere arrest would not afford ground for attacking appellant's credibility as a witness, in the absence of a legal charge having been preferred. The fact that appellant answered in the negative would render the matter harmless.

Bill of exception No. 4 relates to appellant's objection to the introduction in evidence of a statement signed by him while in jail where he had been incarcerated for carrying a pistol. In this statement appellant requested his release and stated that he was without funds but willing to go to work. The objection to the introduction of the statement was that it was made prior to the commission of the offense charged in the present case, was outside of the record, irrelevant and immaterial. No objection was made on the ground that appellant was in jail charged with another offense at the time the statement was made. Hence it is unnecessary to determine whether it would have been admissible if such objection had been made. As to the objections interposed, the trial court was warranted in receiving the statement. Appellant testified upon his direct examination that he had been released from jail nine days before and that during the time he was in jail he had earned the $4.90 found in his possession at the time he was searched. The statement was contradictory of the testimony given upon the trial as to his possession of money.

It is shown in bill of exception No. 5 that the court limited the argument to ten minutes on each side. Appellant stated to

the court that such time was not sufficient. There is nothing in the bill to show that appellant used the ten minutes allotted to him. Under the circumstances, we would not be warranted in holding that there was an abuse of the court's discretion. It was incumbent upon appellant to incorporate in his bill of exception the facts showing injury further than is contained in the statement made by his attorney to the trial court at the time, as his reasons for desiring additional time. Burkhalter v. State, 247 S. W., 539. In Bailey v. State, 40 S. W., 281, this court held that the statute vests in the judge presiding discretion with reference to the argument of a case, and unless this discretion is shown to have been abused the judgment will not be reversed. From Branch's Annotated Penal Code, sec. 358, the following is taken: "To cause a reversal the bill of exceptions must show that the court unreasonably limited the argument of counsel and that counsel spoke and consumed all the time allotted." If the statement of facts should be considered, it is observed that it contains four pages of testimony. The state used two witnesses, and appellant alone testified in his own behalf.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.