ANDY DUNCAN V. THE STATE.

No. 19956. Delivered November 30, 1938.

Rehearing Denied January 11, 1939.

The opinion states the case.

*Hill & Bath,* of Henderson, and *Gray & Pope,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Assault with intent to murder is the offense; penalty assessed at confinement in the penitentiary for three years.

Appellant entered a plea of guilty to the offense charged and testified upon the trial in connection with his application for a suspended sentence that he had never been convicted of a felony in this or any other state. However, on cross-examination, State's counsel elicited from the appellant the fact that some fifteen years ago he was convicted in Rusk County for the offense of cotton theft and had plead guilty. Objection was made to this testimony upon the ground that it was too remote and was an improper attempt to impeach the appellant. The action of the court in overruling the objection is made the subject of complaint in a bill of exception which is duly certified.

That the learned trial judge committed error in refusing to withdraw from the jury the testimony relative to the conviction of the appellant of misdemeanor theft about fifteen years ago is conceded by the State's Attorney from whose brief we quote as follows: "The crime of theft being one involving moral turpitude, it was within the province of the State to make proof thereof, as going to the credibility of the appellant as a witness. Perez v. State, 69 S. W. (2d) 420, 112 S. W. (2d) 737. But, the rule is otherwise when the previous conviction is too remote. In such cases, it is reversible error to permit the proof of other crimes. Stephens v. State, 68 S. W. (2d) 181. In the Stephens case, supra, the rule with reference to when such testimony is or is not remote depends, primarily, upon the facts of each case; and, in all cases, the remoteness

usually depends upon the intervening conduct of the accused towards the commission of other crimes. See Shipp v. State, 283 S. W. 520. Under these authorities, I am of the opinion that this testimony was too remote, as there was absolutely no testimony showing any continued misconduct or violation of the law during the intervening period of time."

We are inclined to agree with the view of the State's Attorney that error was committed in placing before the jury the evidence relative to the previous conviction of the appellant.

Because of the error mentioned, the judgment is reversed and the cause remanded.

## ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In the State's motion for rehearing, it is pointed out that we were in error in the original opinion in stating that the testimony relative to appellant's conviction for misdemeanor theft more than fifteen years prior to the present trial was not withdrawn from the consideration of the jury. It is observed that in the charge of the court the jury were instructed not to consider such testimony for any purpose. Notwithstanding such instruction, we are of opinion that reversible error is presented. Appellant received more than the minimum penalty and his application for a suspended sentence was denied. The testimony concerning the remote conviction for theft was obviously prejudicial and hurtful. Under the circumstances, we would not feel warranted in holding that the instruction to the jury to disregard such testimony saved appellant from harm.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.