ANDY DUNCAN V. THE STATE.

No. 20899.  Delivered March 6, 1940.

The opinion states the case.

*Joe Hill,* of Henderson, and *Gray & Pope,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is an assault with intent to murder. The punishment assessed is confinement in the state penitentiary for a term of two years. This is the second appeal in this case; the opinion of this Court on the former appeal may be found reported in 123 S. W. (2d) 344.

On the former trial, appellant entered a plea of guilty, but on this trial, he sought to justify his act in shooting Mr. Jones on the theory that Jones had insulted Mrs. Lucy Whitehead, appellant's sister. The State's contention was that appellant became incensed because Jones ordered him to leave his barber shop. Appellant and some friends were in the barber shop playing a marble machine. During the game appellant used some profane language. At the time, there was a lady in the shop getting a hair cut and Jones courteously requested appellant three or four times to desist from the use of such language, calling his attention to the presence of the lady in the barber shop. Appellant failed to heed the request and Jones ordered him out of the shop. Appellant became angry, went away, procured a shotgun, came back in a car, parked it in the middle of the street in front of the barber shop, and when Jones went out in front of his shop and leaned against the wall, the appellant, without any warning, shot him.

By bills of exceptions numbers one and two, appellant complains of the court's action in declining to give his special requested instructions numbers one and two to the effect that (1) if the jury believed from the evidence that appellant's sister, Mrs. Whitehead, told the appellant that Jones had insulted her by an indecent proposal, and that the defendant believed the report to be true, whether it was or not, then the defendant had a right to arm himself, seek Jones, and if, upon the first meeting, he shot him, he would be guilty of no greater offense than an aggravated assault. (2) That if the prosecuting witness, Jones, had made indecent proposals to defendant's sister, Mrs. Whitehead, such conduct would constitute adequate cause.

These requested charges are instructions that might have been proper at the time when we had the manslaughter statute, but since its repeal, it is no longer proper for the court to instruct the jury as to particular acts constituting adequate

cause. See Art. 1248, Secs. 1-4, Penal Code of 1925, which was repealed in 1927. We note that the court, in his charge, instructed the jury that they might consider all the facts and circumstances, as well as the previous relationships between the parties and the indecent conduct, if any, on the part of Jones toward appellant's sister, in order to determine appellant's state of mind and the punishment to be assessed. In our opinion, this instruction was all that he was entitled to under the present law and the facts of this case. See Art. 1257c P. C.; Fuller v. State, 61 S. W. (2d), 825.

In our opinion, appellant was not entitled to a charge on aggravated assault, since the weapon used by him was a shotgun and there was no evidence introduced that the appellant did not intend to kill Jones when he shot him. The law presumes, under such circumstances, an intent to kill. To the contrary, appellant testified that he did intend to kill Jones. Consequently such an issue was not raised. See McCoy v. State, 122 Tex. Crim. Rep., 298, 302; Scroggins v. State, 119 Tex. Crim. Rep., 32, 45 S. W. (2d), 983.

No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.