DAVE BROWN V. THE STATE.

No. 21163. Delivered June 12, 1940.
Rehearing Denied October 23, 1940.

The opinion states the case.

*Thos. B. Bartlett, Jr.,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.
The offense is forgery. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant first complains of the action of the trial court in declining to sustain his motion to quash the indictment because,

in addition to charging forgery, it charged that the defendant had theretofore, on the 5th day of February, A. D., 1934, been convicted in the District Court of Curry County in the State of New Mexico, in cause No. 1533 on the docket of said court, of the offense of burglary,—an offense of like character as the one herein charged and that said conviction had become final against him. We think that the court should have sustained the appellant's motion and stricken that part of the indictment charging the former offense because burglary is not an offense of like character or of the same nature as forgery; but the court, in his charge to the jury, declined to instruct them relative to the former conviction of burglary alleged to have been committed in the State of New Mexico, which was tantamount to a withdrawal thereof from the consideration of the jury. Appellant nevertheless contends that the reading of the indictment to the jury and advising them of the former conviction in the State of New Mexico was highly prejudicial to him. We are not prepared to agree with the appellant in his contention, for the reason that there is no statement of facts in the record and in the absence of such a statement we are unable to determine whether any injury resulted to him by reason of the court's action. Appellant was awarded the lowest punishment prescribed by law for the offense of forgery. The evidence adduced against the appellant may have been so strong and convincing that no other verdict than one of guilty could have been rendered by the jury. It is obvious that the jury did not consider and could not under the instruction of the court have considered the charge of former conviction in the State of New Mexico because they assessed the lowest punishment against him.

Appellant has a number of bills of exception in the record a great number of which are qualified by the trial court. However, in the absence of a statement of facts we are unable to appraise the same. Vernon's Ann. Tex. C. C. P., Vol. 3, Art. 760, note 6 and cases cited thereunder.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again complains of the trial court's action in al-

lowing the reading to the jury of the third count in the indictment in which a conviction for an offense of burglary had been also alleged in an effort to enhance the penalty in this forgery case, and also of the fact that in qualifying the jury the State's attorney asked the jury relative to the presence of any prejudice in their minds against the law enhancing the punishment of a second offender.

We do not see what reason, if any, the said attorney could have had in questioning the jury relative to the operation of the enhancement statute. The jury had naught to do with affixing such enhanced punishment in the event of a second conviction. Had the trial court submitted all the counts in the indictment to the jury, and had their verdict been predicated upon the third count therein, they would only have been required to find as to the question of guilt, the amount of punishment being a matter of law for the court to have attended to. See Harbert v. State, 124 S. W. (2d) 1005; also see Art. 62, Penal Code.

It is worthy of note that the trial court submitted the first count in the indictment alone, which charged the act of forgery, and also instructed the jury to not consider the other two counts in the indictment for any purpose. We also note from bill of exceptions No. 10 that the appellant made no objection to the purported statement to the jury on their voir dire qualification relative to appellant being charged as a second offender until the trial court was preparing to read his charge to the jury, at which time the appellant objected to such charge, we presume orally, because same did not so charge the jury not to consider the statement made to them by the district attorney relative to the alleged second offense. It is also worthy of note that on January 8, 1940, the date of the trial of this case, appellant filed his objections in writing to the court's charge. Nowhere in said objections is there mention made of any objection or exception thereto because of its failure to charge as complained of in bill No. 10, which bill we find to have been filed on March 16, 1940. The statute, Art. 658, C. C. P., requires that all objections and exceptions to the court's charge shall be presented in writing, distinctly specifying each ground of objection. We do find in the record such a document, containing nineteen paragraphs, objecting and excepting to the court's charge, but nowhere therein do we find set forth the objection contained in bill No. 10.

The purpose of requiring the filing of such objections in writing is to call the matter to the trial court's attention and give it opportunity to correct the charge if found to be in-

correct. See Spadachene v. State, 137 Texas Crim. Rep. 26, 127 S. W. (2d) 466.

We further observe that this bill is incomplete as an objection to the statement made by the district attorney because the same does not show an objection thereto, but is entirely predicated upon the proposition of the court's failure to charge the jury not to consider such statement.

It is also to be noted that the jury awarded appellant the lowest penalty affixed to the offense of forgery, and although the conviction must have been had on circumstantial evidence, we do not think the unwarranted pleading, alleging forgery and burglary to have been offenses of a similar nature, would have been sufficient to have caused a jury to have unfairly convicted this appellant; nor do we think that the mention of such a prior conviction by the district attorney could have had such a great weight with such jury that it caused a conviction herein regardless of testimony. We have not been aided by a statement of facts herein, and are forced to gather but meager ones from the bills of exception, in which we do find that appellant obtained three blank checks on the Marlin National Bank from one Baughn in a store, and he and one Lloyd Fulton went back in the store with these blank checks; soon thereafter Fulton shows up with three forged checks, and cashed them. Fulton and appellant then rode out of the town together. We do not know what other or further facts were presented to the jury in the absence of such a statement. We find that the trial court charged on the law of principals, and it seems to us that the jury had the right to say that Fulton and appellant were acting together in the making of these forged instruments in Baughn's store, and that appellant was actively engaged therein as a principal. We can go no further in the facts on account of appellant's failure to furnish us with a statement thereof.

We do not feel justified in penalizing the State because of the reading of a defective third count in the indictment to the jury, but not submitted to them by the court, unless we are convinced that such a procedure operated to cause the loss of some right to the appellant. To do so would eventuate in a reversal in every instance in which the State might fail in its proof of an alleged second offense, even if proper to plead but not susceptible of proof at such time, although pleaded in good faith. Such a rule would be an unfair burden placed upon the exigencies of a trial.

We overrule the motion for a rehearing.