## D. C. GARRISON V. THE STATE.

No. 21870. Delivered January 28, 1942.
Rehearing Denied February 25, 1942.

The opinion states the case.

*Oscar B. Jones,* of Longview, for appellant.

*Fred Erisman,* Criminal District Attorney, and *Mike Anglin,* Assistant Criminal District Attorney, both of Longview, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of assault with intent to murder. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant claims in his brief that the trial court erred in two particulars in failing to make application of the law to the facts: First, in that the court failed and refused to instruct the jury on the law of aggravated assault; and second, in failing to give his requested charge to instruct the jury that if they believed from the evidence that the defendant unintentionally shot Anna Belle Cadell while defending himself against an unlawful attack on the part of John James Island, such attack being of a nature and character as to make it reasonably appear to appellant, viewed from his standpoint at the time, that he was in danger of loss of life or serious bodily injury, and, in firing upon John James Island, he struck and wounded Anna Belle Cadell, he should be acquitted. In order to determine whether the court erred, as claimed by appellant, we must first determine whether the evidence raised such issue and next, whether appellant specifically objected to the court's charge in failing to submit such issues to the jury.

The State's evidence shows that about 10:30 o'clock on the night of May 28, 1941, while Anna Belle Cadell and John James Island were on the door steps of McNeal's Streamline Cafe, appellant fired at Anna Belle Cadell with a shotgun at close range, striking her in the left leg and breaking both bones therein, and also inflicted wounds on her other leg; that he then fired at Island as he was fleeing from the scene of the shooting.

Appellant's version of the trouble was that about two or three weeks prior to the time in question, John James Island cut him in the abdomen with a knife; that since that time he had been informed that Island had made serious threats against him; that on the night in question, just prior to the shooting, he heard Island make serious threats against him; that he then went home, got his gun, came back to the cafe and when Island ran his hand into his pocket he (appellant) believed that Island was going to carry out or attempt to execute said threats, and being in fear of losing his life or suffering serious bodily injury at the hands of Island, he fired at him with the intent to kill him, but that Anna Belle Cadell stepped in the way and he unintentionally shot her. We deem the foregoing to be a sufficient statement of the salient facts for a decision of appellant's contentions. Had appellant killed Island, he would have been guilty of murder unless justified on the ground of self-defense. Again, if he shot at Island with the intent to kill him but failed in his purpose, he would have been guilty

of an assault with intent to commit murder. Therefore, when he shot at Island with a shotgun at close range, which was per se a deadly weapon, with the intent to kill him but missed and struck Anna Belle Cadell, he would be guilty of an assault to murder. However, if he acted in self-defense in shooting at Island, he would be justified whether he struck Island or Anna Belle Cadell. Consequently the issue of aggravated assault was not raised. See Jones v. State, 89 Tex. Cr. R. 355; Smith v. State, 95 S. W. 1057; McCoy v. State, 122 Tex. Cr. R. 298, 54 S. W. (2d) 530; Duncan v. State, 137 S. W. (2d) 781.

Appellant's second contention was evidently not urged at the trial of the case. We find no such requested instruction in the record, unless it can be said that his objection to the court's charge is sufficient to direct the court's attention to his failure to give such instruction or one of like import. Article 658, C. C. P., required appellant to make his objections to the court's charge in writing, distinctly specifying each ground of objection. The only objection which appellant addressed to the court's charge reads as follows:

"That said charge does not anywhere instruct, although the same was requested by the defendant, concerning the law on aggravated assault, and that the accidental shooting of Anna Belle Cadell by defendant while defending himself against unlawful attack by John James Island which was of such nature as to endanger his life, viewed from his standpoint at the time, there was no assault upon Anna Belle Cadell by defendant to murder, and that if they, the jury, believed that the defendant is guilty of an assault but have a reasonable doubt whether such assault was upon malice aforethought with intent to murder that they will acquit the defendant of that offense and next consider whether he is guilty of an aggravated assault; and further, that if they believe from the evidence beyond a reasonable doubt that the defendant in Gregg County, Texas, on or about the time stated in the indictment, with a deadly weapon, did unlawfully assault Anna Belle Cadell, but not with intent to murder, then they would find the defendant guilty of an aggravated assault and assess his punishment at a fine of not less than twenty-five nor more than one thousand dollars or by imprisonment in jail for not less than one month and no more than two years, or by both such fine or imprisonment, as they, the jury, may determine and state in their verdict."

This objection, when properly analyzed, means that he

wanted the court to instruct the jury that if they believed from the evidence beyond a reasonable doubt that the defendant, in Gregg County, Texas, on or about the time stated in the indictment, with a deadly weapon, did unlawfully assault Anna Belle Cadell, but not with an intent to murder, then to find him guilty of an aggravated assault. This is not a correct pronouncement of the law under the facts of this case. His whole objection shows that he desired an instruction from the court upon the law of aggravated assault and at no time did he object because the court failed to charge on the theory advanced in his brief, nor did he request a special instruction embodying such theory.

In addition to the charge on the law of self-defense relative to real or apparent danger, the court instructed the jury on the law of self-defense as it applies to threats coupled with some act or demonstration on the part of the deceased manifesting an intention to then execute such threats as the same appeared to appellant, viewed from his standpoint at the time.

We are of the opinion that in the absence of an objection specifically pointing out the claimed error and in the absence of a special requested instruction covering the subject of his belated complaint, as set forth in his second assignment in his brief, the matter cannot now be urged as error requiring a reversal of the judgment. The object of Article 658, C. C. P., is to require the defendant to point out any error in the court's charge or any omission therein before the court reads his charge to the jury so that he may correct or amend the same. Had appellant requested a special charge of the character embodied in his brief, he might have been well on his way to the coveted goal.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing, appellant insists that the facts

warranted an instruction to the jury to the effect that, if the shooting of Anna Belle Cadell was accidental, he should be acquitted.

We have again examined the record in the light of this contention and fail to find that the evidence was sufficient to raise such defense. Neither do we find any exception to the charge, or a special requested charge, sufficient to call to the trial court's attention the desire on appellant's part for any such instruction.

Moreover, if appellant shot Anna Belle Cadell accidentally, while shooting at John James Island, with intent to kill him, without justification or excuse, he would, nevertheless, be guilty of assault with intent to murder Anna Belle Cadell.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.