LEE JOHNSON v. THE STATE.

No. 23634. Delivered May 7, 1947.

*E. A. Camp,* of Rockdale, and *Emory B. Camp,* of Cameron, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Lee Johnson was convicted on a charge of assault to murder and given a sentence of two years in the penitentiary.

The indictment alleges that appellant, with malice aforethought, made an assaut upon Dick Baggett with intention to murder him.

The appellant and others were in the dancing room of the Oasis Inn, a beer joint and dance hall near Milano, and became involved with George R. Samford and some other person, not identified, who knocked him down three times. He arose with his pistol and fired a shot which went through the wall of the building. George Samford fled from the room, as did several others, while appellant attempted to follow his assailants. When he was on the outside he discovered Dick Baggett and a lady in a car fixing to leave. It is the state's theory that he thought this to be Stamford and that he deliberately shot at them, in the car, striking Baggett and inflicting a wound which proved to be very slight. This constitutes a brief statement of the case

which the state relied upon as being sufficient to support a finding that he shot Baggett, but with the intention and under the belief that he was shooting George Samford.

The court's charge is quite lengthy and so are the exceptions to it. We quote from paragraph 11 of the court's charge, in part, as follows: "Now if you find and believe from the evidence beyond a reasonabe doubt that the defendant, Lee Johnson * * * with malice aforethought, with the specific intent to kill George R. Samford, did make an assault upon Dick Baggett by shooting him with a pistol and the same was a deadly weapon as hereinbefore defined, believing that he was shooting George R. Samford, with the specific intent to murder said Dick Baggett, * * *."

With language to the same effect, paragraph 12 submits the issue together with the charge on assault to murder without malice. Proper exceptions were directed to the language used in these two sections of the charge. We quote from the brief filed by the State's Attorney relative to the question herein presented.

"To us paragraphs 11 and 12 of the court's main charge are ambiguous, confusing and of doubtful meaning and are not a correct submission of the law under Article 42 of the Penal Code, as we are unable to understand—and doubt if the jury understood—how appellant, with intent to kill Samford, could make an assault upon Baggett, believing he was shooting Samford, with the intent to murder Baggett. We submit that the court should have responded to appellant's objections and exceptions to this portion of the court's charge, which objections and exceptions are found in paragraphs 19 to 26, inclusive, of appellant's objections to the court's main charge."

We recognize the difficulty with which the trial court was confronted in submitting this issue to the jury, but we are unable to see how he could be shooting at Baggett "with a specific intent to murder said Baggett," and at the same time "believing that he was shooting George R. Samford." The paradox appears in exactly the same way in section 12 as in section 11. We are constrained to agree with the State's Attorney.

The court attempted, by section 17 of the charge, to submit to the jury the issue slightly raised by the state's evidence as to the mental disability of the accused to form an intent to

murder at the time the shot was fired. This issue was submitted in the following language. "If you believe from the evidence in this case beyond a reasonable doubt thereof that at the time the defendant shot the witness, Dick Baggett * * * the defendant was laboring under such mental disability as not to be able to form an intent to murder or assault the said witness, then you will give the defendant the benefit of such doubt and acquit him and so say by your verdict 'not guilty'."

It is apparent that the burden of proof on this defensive issue was put upon the accused to establish his defense beyond a reasonable doubt. The law does not require this. The jury should have been instructed that if they had a doubt as to the mental capacity they should acquit him.

For the errors pointed out the judgment of the trial court is reversed and the cause is remanded.