## LEE JOHNSON V. THE STATE.

No. 23868. Delivered January 7, 1948.
Rehearing Denied February 18, 1948.

*E. B. Camp,* of Cameron and *E. A. Camp, of Rockdale,* for appellant.

*W. A. Morrison,* County Attorney, of Cameron, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is an assault with intent to commit murder. The punishment assessed is confinement in the State penitentiary for a period of three years.

This is the second appeal of this case. The opinion delivered on the former appeal may be found reported in Vol. 201 S. W. (2d) 832. There seems to be no material difference in the evidence adduced on his second trial- from that adduced on his first trial. The salient and material facts proved on the first

trial are briefly stated in the former opinion to which reference is here made without stating the same.

The indictment, omitting the formal parts, reads as follows: "that on or about the 26th day of July, A. D. 1946, and anterior to the presentment of this indictment, in the County and State aforesaid, Lee Johnson did then and there unlawfully, in and upon Dick Baggett, with malice aforethought, did make an assault with the intent then and there to murder the said Dick Baggett, against the peace and dignity of the State." We deem this indictment sufficient to charge the offense.

In paragraph 10 the court in substance instructed the jury that if they believed from the evidence beyond a reasonable doubt that the defendant, Lee Johnson, on or about the 26th day of July, A. D. 1946, with malice aforethought intended to kill George Samford or another or others and while in the act of so doing he, by mistake, did make an assault upon Dick Baggett by shooting him with a pistol, you will find him guilty of an assault with intent to murder with malice, etc.

In paragraph 11 the court instructed the jury in substance as follows: Now, if you believe from the evidence beyond a reasonable doubt that the defendant, Lee Johnson, on or about the 26th day of July, 1946, in Milam County, Texas, while under the influence of sudden passion, arising from an adequate cause as that term is hereinbefore defined, intended to kill George R. Samford or another or others by shooting either at him or another or others with a pistol; and that in the act of executing the same, through mistake, did make an assault upon Dick Baggett by shooting him with a pistol, * * * you will find the defendant guilty of an assault with intent to murder without malice and assess his punishment at confinement in the State penitentiary for a term of not less than one nor more than three years.

His objections to the said two paragraphs of the court's charge were in substance as follows: "that it submits matters and things not covered by the indictment and not mentioned or raised by the evidence; that it permits the jury to go out into the realm of their imagination to convict the defendant and further that said paragraphs and each are ambiguous, uncertin, indefinite, and fail to instruct the jury that before the defendant can be convicted that they must find that he was in the act of attempting to kill George R. Samford or others, etc."

His contention seems to be that the court in his charge should have confined and limited his instruction on the law to the allegations in the indictment regardless of the facts proved; and therefore the court erred in applying the provisions of Art. 42, P. C. He claims that the indictment furnished no predicate for the application of Art. 42, P. C. since it in no manner advised appellant that the State expected to prove any facts which would require a charge on the law as contained in said article.

It must be borne in mind that the indictment charged that appellant with malice aforethought did make an assault upon Dick Baggett with a deadly weapon with intent to murder him. The uncontradicted proof shows that appellant did make an assault upon Dick Baggett with a deadly weapon and that he did shoot Baggett from which an inference arose that he did so with malice. This proof conformed to the allegations. The fact that there was evidence adduced which showed that appellant intended to kill George Samford or another or others, but, by mistake, shot Dick Baggett would not destroy or impair the State's case. Appellant seems to have lost sight of the fact that there is a distinction between the facts that must be proved under the allegations in an indictment and those that may be proved.

It must also be borne in mind that the court is required in his charge to the jury to apply the law to the facts of the case, and this the court did. Appellant cites us to the case of Kouns v. State, 3 Tex. App. 13, as sustaining his contention. In that case appellant was charged with an aggravated assault and battery with a chair, a deadly weapon; however, the court in his charge to the jury instructed them as follows: "An assault becomes aggravated when committed under the following circumstances: when serious bodily injury is inflicted * * *. When committed with deadly weapons * * *. When committed with premeditated design, * * *." It is apparent that in that case the indictment charged but one of the nine different grounds specified in the statute which would constitute an assault an aggravated one, and the proof conformed to the allegations, therefore, it was error for the court to authorize the jury to convict appellant upon other or additional grounds of aggravation. The court in that case said, "The charge must set forth the law applicable to the case * * *," by which is meant the facts of the case. We fail to understand how the doctrine announced in the case of Kouns v. State, supra, is at variance with the instant case since this Court definitely stated in its opinion that the charge must set forth the law applicable to the case. The

only law applicable to the facts in the instant case is Art. 42, P. C.

The indictment in this case is similar to that in the cases of Jones v. State, 89 Tex. Cr. R. 355 (231 S. W. 122); Mathis v. State, 39 Tex. Cr. R. 549; and Garrison v. State, 143 Tex. Cr. R. 403 (158 S. W. (2d) 518).

The court in this case applied the law to the facts. There is evidence that appellant, while engaged in a fist fight with George Samford, was struck by a beer bottle and knocked down. The bottle was thrown at appellant by some person other than George Samford. Whether or not appellant knew who threw the bottle is not disclosed by the record since appellant did not testify. Therefore, the court was eminently correct in instructing the jury that if appellant intended to kill George Samford or another or others but, by mistake, shot Dick Baggett, to convict him since it was a proper application of the law to the facts. In the case of McElroy v. State, being No. 19,639 on the Docket of this Court, the court gave a charge almost identical with the charge in the instant case, but the charge in that case is not set out in the opinion of this Court as reported in 134 Tex. Cr. R. 445, 115 S. W. (2d) 971.

Appellant cites many other cases, but in our opinion, they do not support his contention.

He also complains because the court failed to instruct the jury upon the law of an aggravated assault. We find no evidence in the record which called for an instruction on the subject.

Finding no error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The original opinion ably discusses every question raised by the appeal and, we believe, reaches the correct conclusion. Ordinarily there would be no occasion for writing further but the very earnest and able motion for rehearing in this cause impels us to reconsider the question which it treats, and this we

do in full appreciation for the careful efforts which appellant's counsel have put forth in his behalf.

It is conceded that a distinguishment is to be made between the facts which must be proven, under the allegations of an indictment, and those which may be proven. The indictment alleges that defendant did assault Dick Baggett "with intent then and there to murder Dick Baggett." Under such allegations an assault must be proven as well as an intent to murder. It must be proven that the assault was made on Dick Baggett. It is then contended that the State proved the assault was made on another party, with intent to kill him, and that it resulted in the wounding of Dick Baggett.

It is true that the proof shows that appellant thought he was shooting at another person but was in fact shooting at Dick Baggett. He intended to kill the man that he mistook for another fellow, but who was in fact Dick Baggett. Regardless of whom he was mad at and whom he thought he was shooting, his aim was directed at Dick Baggett and he intended to kill that very man as alleged in the indictment. The proof is consistent with the allegation that he did assault Dick Baggett with intent to kill Dick Baggett. It is immaterial that he thought Baggert was some one else when he did so.

Reliance is had on that line of authorities in drunken driving cases which hold that if the allegations state on what highway the driving took place, the proof must show that. Attention is called to the fact that where a general allegation is made that the driving took place on a public highway within a named county the proof may further show the number, and other description of such highway, but that is not necessary to do so.

Another line of decisions referred to hold that if the means used in making an assault are alleged the trial court can convict only when the alleged means have been proven. If other means than that alleged in the indictment are proven there is a variance between the indictment and the proof. If the indictment alleges an assault made with a knife, the proof would have to show that such instrument was used. However, this does not preclude further proof of the use of other and additional instruments, especially when proven for the purpose of showing intent. Admission is made in appellant's motion that Jones v. State, supra, holds contrary to his contention. He thinks that the opinion in that case is inconsistent with other hold-

ings on similar questions, and that it should be overruled. Careful reconsideration of the Jones case, in the light of the one now before us, has been given and we are unable to agree that it should be overruled.

Believing that the correct conclusion has been reached, appellant's motion for rehearing is overruled.