**BERG v. CRANOR.**

**No. 14061.**

United States Court of Appeals
Ninth Circuit.

Jan. 12, 1954.

**568**

Cyril Melvin Berg, in pro. per.

Don Eastvold, Atty. Gen., Cyrus A. Dimmick, Asst. Atty. Gen., for appellee.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

Berg, a prisoner in the Washington State Penitentiary under a judgment and sentence entered by the superior court for Chelan County, Washington, appeals from an order denying his application for a writ of habeas corpus, entered after a full hearing had been afforded Berg.

■ Berg claims that because of a conspiracy between the trial judge, the prosecuting attorney and Berg's counsel, Berg was denied a fair trial. At the hearings below, Berg made no showing of any conspiracy between the trial judge, the prosecuting attorney and his counsel, or any of them, and the district court properly refused to grant the writ on this ground of the application.

Berg, convicted in a criminal case, to establish jurisdiction in the supreme court must comply with certain rules of that court. State v. Brown, 26 Wash.2d 857, 176 P.2d 293. Rule 12 requires that within ninety days after giving of a notice of appeal, appellant shall cause to be filed with the clerk of the trial court or of the supreme court the statement of facts or bill of exceptions, the certified copy of the transcript of the record and a five-dollar filing fee. 18 Wash.2d 14a, 15a [now Rules on Appeal, rule 46, 34A. Wash.2d 50].

Berg's attorney on March 13, 1949, orally gave notice of appeal. This is a valid notice under the Washington Supreme Court Rule 12(1) (a), 18 Wash.2d 14–a. It was duly entered that day by the clerk. Berg's attorney did nothing to comply with these jurisdictional requirements until June 15, 1949, *ninety-two* days after the giving of the notice of appeal. The supreme court dismissed it on that ground and another we need not consider. State v. Berg, 35 Wash.2d 177, 211 P.2d 710.

■ Berg contends this deprived him of his constitutional rights because his attorney followed his oral notice of appeal by a written notice of appeal on March 21, 1949, thus bringing the June 15, 1949 filing of his statement within the time permitted by Rule 12. In his assumption that these could be two givings of notices of appeal, Berg's attorney clearly erred.

■■ While in a sense an officer of the court, in so opposing the State of Washington he was not an officer of that state. Ex parte Galusha, 184 Cal. 697, 195 P. 406; In re Cate, Cal.App., 273 P. 617, supplementing opinions 270 P. 968, and 271 P. 356; In re Clifton, 115 Fla. 168, 155 So. 324; In re Hanson, 134 Kan. 165, 5 P.2d 1088; In re Greathouse, 189 Minn. 51, 248 N.W. 735; In re H . . . . . . S . . . . . ., 229 Mo.App. 44, 69 S.W.2d 325; State ex rel. Sorensen v. Goldman, 127 Neb. 340, 255 N.W. 32. Hence his mistake is not one of the State of Washington and does not constitute a violation of the Fourteenth Amendment, assuming that such a mere error of a state's attorney could violate that amendment.

Since the Supreme Court of Washington duly dismissed the appeal, there is no ground to consider the other questions raised.

The judgment is affirmed.