## MIKE JONES v. THE STATE.

### No. 6221. Decided May 19, 1921.

1.—Assault to Murder—Notice of Appeal—Jurisdiction.

Without notice of appeal this court has no jurisdiction; however, where the omission in the record was supplied, the dismissal is set aside.

2.—Same—Charge of Court—Assault to Murder—Intent—Shot Fired at Another than the one intended.

Where the indictment charged that the defendant made an assault in and upon Jud Mathis with intent to murder, etc., and the evidence showed that the shot was fired at another, which injured Mathis, the court correctly instructed the jury that if they believed from the evidence, beyond a reasonable doubt that the defendant with malice aforethought fired the shot that injured Mathis with the specific intent to kill another, he would be guilty of an assault with intent to murder Mathis. Following Mathis v. State, 39 Texas Crim. Rep., 552, and other cases.

3.—Same—Rule Stated—Intent—Shot Fired Hitting Third Party—Pleading.

Assuming that defendant fired at Elliott, and wounded Mathis, it was within the discretion of the State to charge an assault upon both Elliott and Mathis or upon either of them, but the conviction or acquittal, in one case would bar the prosecution in the other; Following Spannel v. State, 83 Texas Crim. Rep., 423, The fact that defendant wounded Mathis whom he did not intend to kill would not excuse him, as he fired with malice intending to kill Elliott.

4.—Same—Indictment—Intent to Injure Another Than the Party Assaulted.

It is not essential that the indictment should contain averments setting out all the facts which it is necessary that the State prove in order to sustain the conviction, and where the indictment charged an assault upon Mathis and the evidence showed that he intended to assault another with intent to murder, the conviction was sustained. Following Dodd v. State, 83 Texas Crim. Rep., 164, and other cases.

5.—Same—Newly Discovered Evidence—Motion for New Trial.

Where the alleged newly-discovered evidence was known to defendant before the trial, there was no error in overruling the motion for new trial on this ground.

Appeal from the District Court of Marion. Tried below before the Honorable J. A. Ward.

Appeal from a conviction of assault with intent to murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*T. D. Rowell,* for appellant.—Cited cases in opinion.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of ten years.

We find it necessary to sustain the motion made by the State to dismiss the appeal because of the absence of any notice of appeal. Without notice of appeal this court has no jurisdiction. Article 915, Vernon's Texas Criminal Statutes, Vol. 2, page 877 and cases there listed.

*Dismissed.*

ON REHEARING.

May 19, 1921.

MORROW, PRESIDING JUDGE.—Appellant is convicted for assault with intent to murder; punishment fixed at confinement in the penitentiary for ten years.

The omissions in the record having been supplied, the motion for rehearing is granted and the dismissal set aside.

The indictment charges that the appellant did "make an assault in and upon Jud Mathis, with the intent then and there to murder the said Jud Mathis."

Upon the facts, the theory was presented that the shot fired by the appellant, which injured Mathis, was not fired at him but was fired at Marion Elliott. The court instructed the jury that if they believed from the evidence, beyond a reasonable doubt, that the appellant, with malice aforethought, fired the shot that injured Mathis with the specific intent to kill Elliott, he would be guilty of an assault with intent to murder Mathis. The correctness of the treatment of the matter is challenged upon the ground that the indictment, having charged an assault upon Mathis, that under this pleading there could be no conviction upon proof showing that the shot was fired at Elliott, against whom there was malice, and by accident striking Mathis, against whom no ill-will was entertained. Apparently, the law upon the subject is stated in the opinion of the court in Mathis v. State, 39 Texas Crim. Rep., 551, thus:

"The assault is only required to be with intent to murder; that is, to murder some one. And we hold that if A shoots at B with intent of his malice aforethought to kill and murder B, but accidentally shoots C, and inflicts a wound upon him, that the malice is carried over to C, and that this is an assault with implied malice to murder C."

The legal proposition thus stated finds support in several cases, among them being Richards v. State, 35 Texas Crim. Rep., 43; Smith v. State, 95 S..W. Rep., 1058. See also State v. Thomas, 37 L. R. A. New Series, page 172; Spannell v. State, 83 Texas Crim. Rep., 418.

The evidence goes to show that while Mathis and Elliott were walking together in the night-time a shot was fired, taking effect upon Mathis; that Elliott fled and two other shots were fired. Other evi-

dence connects the appellant with the assault. The State proved his admission that he fired the shot, and by the same witness, on cross-examination, it was shown that at the same time, he said that the shot was fired at Elliott and not at Mathis. Both Elliott and Mathis testified that they had had no difficulty with the appellant. Shortly before the shooting all the parties were at the home of a negro woman of unchaste character. Appellant and a companion left first, and the shooting occurred soon after Mathis and Elliott took their departure.

The theory of an accidental shooting of Mathis was developed by the appellant. Assuming that the appellant fired at Elliott and wounded Mathis, it was within the discretion of the State to charge an assault upon both Elliott and Mathis or upon either of them, but the conviction or acquittal in one case would bar the prosecution in the other. Spannell v. State, 83 Texas Crim. Rep., 423. If the appellant fired the shot at Elliott with malice intending to kill him, the fact that it wounded Mathis, whom he did not intend to kill, would not excuse him.

Appellant does not controvert the proposition last stated but insists that, in writing the indictment, it is essential that it should contain averments setting out all facts which it is necessary that the State prove in order to sustain a conviction, referring to Cyc. of Law & Procedure, Vol. 22, pages 285-295; Hewitt v. State, 25 Texas, 722; Williams v. State, 12 Texas Crim. App., 395, and other cases. There is a distinction between the facts that must be proved and those that may be proved under an indictment.

A statement in the indictment of the facts necessary to make certain, specific and complete description of the offense is required by the Constitution. Huntsman v. State, 12 Texas Crim. App., 619; Hewitt v. State, 25 Texas, 722; Harris" Texas Constitution, page 85. It is not necessary, however, to allege matters in the nature of evidence. Cyc. of Law & Procedure, Vol. 22, page 285. An indictment for murder charging that the accused did "then and there unlawfully and with express malice aforethought kill the deceased, (naming him,) by shooting him with a gun" was held in an opinion embracing a complete review of the principles and precedents, a sufficient averment in an indictment for murder. Caldwell v. State, 28 Texas Crim. App., 576; Rose's Notes, Vol. 5, page 789. In charging an assault with intent to commit another offense, it is necessary only to allege such matters as bring the offense within the definition of an assault, coupled with an intention to commit such other offense, naming it, without giving the constituent elements of the offense intended to be committed. Morris v. State, 13 Texas Crim. App., 72.

If one be a principal offender by reason of the part performed by him in the commission of the offense, he may be convicted under an indictment charging him directly with its commission. Tuller v. State, 8 Texas Crim. App., 506. This principle has been given general application. Branch's Ann. Penal Code, Sec. 676; Dodd v. State, 83

Texas Crim. Rep., 164. It has often been held that an indictment for murder may, in a single count, charge one with the murder of two or more persons by the same act. Rucker v. State, 7 Texas Crim..App., 549; Chivarrio v. State, 15 Texas Crim. App., 334.

In the case before us, it was necessary to establish, by evidence, that the appellant made an assault upon Mathis with the intent to murder him. These constituted the elements of the offense which were set out in the indictment. To establish them it was competent that the State prove that the shot which wounded Mathis was fired by the appellant at Elliott, because by proving that the shot was fired with intent to murder Elliott, the offense would be complete. Though the shot struck, not Elliott but Mathis, is was intended to murder; it was an assault; that Mathis was the victim of it rendered it no less an assault with intent to murder.

There was no error in overruling that phase of the motion for a new trial referring to newly discovered evidence. One of the absent witnesses would have given testimony of an uncommunicated threat made by Elliott against the appellant. Her testimony was contradictory to a degree that the court was justified in disregarding it. The other witness would have testified to threats communicated to the appellant. All this appellant manifestly knew before the trial, and in fact, the absence of knowledge on his part of all the alleged newly discovered evidence is not made clear.

The record reveals no error and the affirmance of the judgment must result.

*Affirmed.*