MARGARITO SILVA v. THE STATE.

No. 12384.   Delivered March 13, 1929.
Rehearing denied April 17, 1929.

224

The opinion states the case.

*Sutherland & Singer* of Corpus Christi and *Pope, Pope, Valdez and Pope* of Laredo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, life imprisonment in the penitentiary.

This killing was in 1921. Appellant fled the country, and after being in Missouri, Mexico, Oklahoma and Louisiana returned to this State and was apprehended shortly before his trial. Without controversy the shooting was at a dance, and deceased was killed by a bullet from the pistol of appellant. A number of those present gave testimony for the State. Appellant alone testified in his own behalf. According to the State witnesses the deceased, a Mexican girl, had refused to talk with or have anything to do with appellant. He and her brother, one Luna, while sitting down as others were dancing, had some words. Appellant applied an opprobrious epithet to Luna and both arose and Luna struck appellant with his hand, whereupon appellant drew a pistol and shot twice at Luna. All the witnesses, save appellant, seem to agree that Luna had no firearm. At this juncture deceased left her dancing partner, came to where appellant was and asked him what he was fighting her brother for,—and he replied, "You want some too, do you?" and fired at her, killing her. When he fired at her, according to other witnesses, appellant turned from Luna, who was in a different direction from that of deceased when she approached. The shooting of deceased thus appears, from all the State witnesses, to be upon an entirely different volition,—a wholly separate purpose and act,—from the shooting at Luna. No testimony supports any different conclusion save that of appellant himself, who swore that Luna attacked him with a

pistol at said dance, striking him on the head first and then shooting at him, and that after Luna had shot at him he shot at Luna. Appellant denied shooting at deceased, or having any animosity toward her, and testified that he first learned of the fact that she was shot after getting to Mexico.

Three bills of exception appear, one to the asking of appellant while a witness if he was not under indictment in Karnes county for murder. It is permissible to show that a witness, whether the accused or another, has been indicted for a felony, the purpose being to thus impeach his credibility. Carroll v. State, 32 Texas Crim. Rep. 433; Branch's Annotated P. C., Sec. 167, for collated authorities. The other two bills are based on substantially the same legal proposition, viz: that there was fundamental error in not instructing a verdict of not guilty if the jury believed from the evidence that appellant was shooting at Luna when deceased was killed,—the contention seeming to be that inasmuch as the instant indictment charged directly the shooting of deceased with malice aforethought, and made no mention of Luna, and did not charge that the killing resulting from a shooting at Luna and an unintentional or accidental killing of deceased, there could be no conviction under such indictment if the jury believed the shots fired by appellant were intended for Luna. We find in the record no objection to the court's charge as is required under Art. 660 C. C. P., and might dispose of the contention of appellant upon this ground, but observing that he contends that the matter is fundamental error, we go further and say that we are not able to agree with his proposition.

Appellant was charged with the murder upon malice aforethought of deceased. This indictment so charging embraced murder committed in the perpetration of any other felony. Sharp v. State, 17 Texas Crim. App. 486. The State need never plead its evidence. Under such indictment as is here the State could prove that in fact the alleged murder was committed while attempting the perpetration of another murder, or a robbery, rape, etc. Almost, if not quite analogous, is the well settled rule that one may be charged directly with murder, or the commission of any crime, and his guilt be made out by proof that one or more others not named in the indictment, actually committed the offense, and that the accused acted with them as a principal offender, and this would be true even though he did not strike a blow or fire a gun. Williams v. State, 42 Texas, 392; Tuller v. State, 8 Tex. Crim. App. 501; Finny v. State, 29 Tex. Crim. App. 189; Loggins v. State, 32 Tex.

Crim. Rep. 358; Dodd v. State, 83 Tex. Crim. Rep. 160; Powers v. State, 99 Tex. Crim. Rep. 345. Appellant's own testimony alone suggested the theory that he shot at Luna and not at deceased, and upon this is based his contention that if he did kill her his acts should be weighed judicially, as if he had killed Luna under the same circumstances. This the court in his charge properly told the jury they might do, but such fact in no way gave rise to any sort of conclusion that therefore appellant was on trial for, or might have been convicted for, an offense not charged in the indictment. It can make no difference in the criminality of appellant whether he be charged directly with this homicide upon malice aforethought; nor does such fact affect any right of his based on the law which entitles him to notice of the charge against him by the terms of the indictment. As said substantially in the Sharp case, supra, he knew from the indictment that he was charged with killing this deceased on his malice aforethought on a certain date, in a certain county, in a certain manner, and with a certain weapon. Further than this the State does not need to allege, and anything which supports this, it is entitled to prove. We do not question the right of one to raise in this court for the first time a matter of fundamental error, but are unable to agree with appellant's contention that any error at all appears in the matter under discussion.

Believing appellant to have had a fair trial, and that no error appears, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—The indictment charged that appellant with malice aforethought shot and killed Mariana Luna. Among other instructions the court told the jury if they found that appellant shot at Magdalino Carrizales under circumstances which would have amounted to murder had Carrizales been killed, and that the shot intended for him struck and killed Mariana Luna, they should find appellant guilty of murder. (We are not attempting to set out the language of the instruction, but only its effect.) Appellant objected to the charge on the ground that the indictment contained no averment that the killing occurred in the manner mentioned. It is appellant's contention that Cooper v. State, 69 Tex. Crim. Rep. 405, 154 S. W. 989, is direct authority supporting his position. We do not think so. In the present case appellant is charged as a

principal with killing Luna. In the Cooper case the State was attempting to charge him as an accomplice to a killing actually committed by Rutherford, and alleged in the indictment that Cooper had hired Rutherford to kill Anderson. The facts developed that Cooper had hired Rutherford to kill McDonald and that Rutherford in Cooper's absence, intending to kill McDonald, by mistake killed Anderson. The holding only was that the allegation was not supported by the proven facts. The case was subsequently tried on a new indictment and is reported in 77 Tex. Crim. Rep. 209, 177 S. W. 975.

The motion for rehearing is overruled.

*Overruled.*