WALTER HOSKINS v. THE STATE.

No. 15820. Delivered February 15, 1933.
Reported in 57 S. W. (2d) 156.

644

The opinion states the case.

*Lynn B. Griffith* and *G. Goodwin Sweatt*, both of Waxahachie, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment having been assessed at death.

It was charged in the indictment that appellant with malice aforethought killed Addie George by shooting him with a pistol. It was further charged by proper averments in the indictment that appellant had been theretofore convicted in Limestone county, Texas, of the offense of murder; it being the purpose of the state's pleading to bring the case under the terms of article 64, P. C., which reads as follows: "A person convicted a second time of any offense to which the penalty of death is affixed as an alternate punishment shall not receive on such second conviction a less punishment than imprisonment for life in the penitentiary."

The evidence for the state established the following facts. Appellant, under the name of Walter Hoskins, had been convicted in Limestone county, Texas, of the offense of murder in 1931, and his punishment assessed at fifty years' imprisonment in the penitentiary. After serving about one year of this sentence, he escaped and changed his name to Willie Brown. It further appeared in evidence that before the killing in Limestone county appellant had served a two-year term in the penitentiary upon a conviction for assault with intent to murder in Red River county, Texas. The killing in the present instance occurred at a negro supper or entertainment of some kind given at a private residence.

Without apparent cause or provocation appellant drew a pistol, waved it around, pointed it at various people, command-

ing them to run, all the time asserting that he was a bad man, in profane and threatening language. No one commanded to run seems to have "stood upon the order of their going," and appellant accelerated their movements by shooting at them, or snapping his gun at them. Deceased was a boy about 18 years of age. At the time he was shot he was doing nothing but trying to get out of the house, and out of the way of appellant. The latter claimed to have been drunk, and said he had no knowledge of shooting deceased or of anything else he did on the occasion. Several witnesses testified that appellant acted like a drunken man, but said they did not see him drink any liquor and saw none at the supper.

In his charge to the jury, the court told them that appellant was charged with murder, and that it was also charged that he was the same person who had been tried and convicted of a similar offense in Limestone county, Texas, in 1931, and that appellant had pleaded guilty after being properly admonished by the court, and directed the jury to find appellant guilty and assess his punishment at death, or by confinement in the penitentiary for life. The jury returned the death penalty.

No objection was lodged to the instructions given. Appellant requested a special charge which defined malice aforethought, and would have instructed the jury that, unless they believed beyond a reasonable doubt that appellant was actuated by malice aforethought, they could not assess the punishment at a longer term than five years in the penitentiary. Exception was reserved to the refusal of this requested charge.

By his plea of guilty, appellant admitted all the material allegations of the indictment, as well as the statutory elements of the crime charged therein, including malice aforethought. Aills v. State, 114 Texas Crim. Rep., 345, 24 S. W. (2d) 1097; Anderson v. State, 118 Texas Crim. Rep., 194, 42 S. W. (2d) 1012; Johnson v. State, 120 Texas Crim. Rep., 368, 48 S. W. (2) 274; Vance v. State, 54 S. W. (2d) 118. Presumably, the requested charge was predicated on a provision of our present murder statute (Acts 1927, 40th Leg., 1st C. S., p. 18, ch. 8, sec. 1, and found in the Cumulative Annual Pocket Part of Vernon's Ann. Tex. P. C., as art. 1257b) which in part, reads: "In all cases tried under the provisions of this act, it shall be the duty of the court to define 'malice aforethought' and shall apply that term by appropriate charge to the facts in the case and shall instruct the jury that unless from all the facts and circumstances in evidence the jury believes the defendant was prompted and acted with his malice

aforethought, they cannot assess the punishment at a period longer than five years * * *."

The law quoted must be construed in connection with Acts 1931, 42d Leg., p. 94, ch. 60, sec. 1, and found in the Cumulative Annual Pocket Part of Vernon's Ann. Tex. P. C., as article 1257c, which reads as follows: "In all cases tried under the provisions of this act it shall be the duty of the court, *where the facts present the issue of murder without malice,* to instruct the jury that murder without malice is a voluntary homicide committed without justification or excuse under the immediate influence of a sudden passion arising from an adequate cause, by which is meant such cause as would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection, and in appropriate terms in the charge to apply the law to the facts as developed from the evidence."

In the present case no evidence is found which even remotely raises an issue that the killing may have been done under the immediate influence of sudden passion arising from an adequate cause. In truth, the killing appears to have been without cause of any kind, save a desire on appellant's part to kill.

In view of the plea of guilty, and the facts found in the record, the refusal of the special charge is not deemed erroneous.

No other question is presented for review.

The judgment is affirmed.

*Affirmed.*