JOE G. LEZA, *alias* JOE LESA, *alias* JOSE LESA V. THE STATE.

No. 23392. Delivered June 12, 1946.
Rehearing Denied June 28, 1946.

The opinion states the case.

*Guy Bonham* and *James Tafollo, Jr.,* both of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is death.

Appellant presents but two questions for review. One relates to the court's action in declining to give his requested charge upon the law of aggravated assault, and the other relates to the refusal of the court to give his requested charge relative to the law of murder without malice, each of which is brought forward by a separate bill of exception. If these issues were raised by the evidence, then appellant would be entitled to such an instruction, but if not, then no harm resulted to him in consequence of the court's action. In view of the importance of the case, due to the punishment imposed on appellant, we deem it necessary to here give a concise statement of the facts proven on the trial.

The record reflects that about 5:00 A. M., on the 28th day of October, 1945, appellant, by the use of force, entered the home of Mr. and Mrs. Egon Thomas Foerster in the City of San Antonio, Texas, with the intent to commit theft. While he was in the home, Mr. Foerster discovered him therein and sought to prevent his escape. Appellant, realizing that he was cut off from his avenue of escape, undertook to run over Mr. Foerster. However, Foerster caught him and a struggle ensued in the course of which they fell on the service porch and from there onto the ground with Foerster on top of appellant. Mrs. Foerster called the police and then ran into the yard calling to the neighbors for help. It was during the time that appellant was endeavoring to free himself and make good his escape that he cut and stabbed Mr. Foerster with a sharp long-bladed knife from the effects of the wounds inflicted he died within a few minutes, and appellant made his escape. Mrs. Foerster gave the officers

a fair description of the unwelcome visitor to their home, and as a result of this information appellant was arrested a few hours later. The police, with the consent of appellant's wife, made a search of his home, which revealed bloody clothing in a paper bag in the kitchen. They also found a large bone-handle knife with three blades, the largest of which was three and one-eighth inches in length and very sharp. It had some blood on it.

Appellant did not testify or offer any affirmative defense. However, he made a confession, which was introduced in evidence, in which he admitted that he entered the home of Foerster and when he undertook to escape, Foerster caught him; that in his effort to free himself he cut Foerster with a knife; that the bloody clothes discovered at his home were those which he wore on the occasion in question; that the pocket knife found in a brush pile near his home was the knife with which he inflicted the wounds upon Foerster.

We are of the opinion that the issue of aggravated assault was not raised by any evidence which would call for an instruction to the jury on the law relative thereto; nor are we of the opinion that the issue of murder without malice was raised by the evidence. Appellant had committed burglary of a private residence at night, which is a felony, and when he was apprehended by the owner of the house, he sought to escape, evade identification and prosecution. In his desperate attempt to accomplish that objective, he murdered the man who had caught him in the act. What fact or circumstance is there in the record that would mitigate or extenuate the offense for which he was on trial? None. Moreover, there is nothing in the record to indicate that the crime was committed by appellant while he was under the immediate influence of sudden passion arising from an adequate cause, etc. In the absence of any evidence which raises such issue, the court will not be required to give any instruction covering the law of murder without malice. See Franks v. State, 130 Tex. Cr. R. 577; Tebo v. State, 133 Tex. Cr. R. 61; Williams v. State, 120 Tex. Cr. R. 484.

A careful examination of the record leads us to the conclusion that no reversible error is reflected therein.

The judgment of the trial court is therefore affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains in his motion because of the trial court's failure to charge on an abandonment of appellant's purpose of theft while in the burglarized house, and the use of excessive force in relieving himself from the custody of Mr. Foerster, he claiming that an abandonment of such original purpose being shown by appellant's efforts to escape, and that an assault made by him in such effort should have raised the issue of murder without malice and aggravated assault. In support of this contention we are cited to the case of Cox v. State, 123 S. W. 696, which holds in effect that though an intruder, who entered a house for an unlawful purpose, abandoned such purpose and sought to escape from the house before being pursued, such intruder could resist pursuit and assault upon him, and retain his right of self-defense. In such case the intruder claimed an appointment with the wife of one Fuller, and upon entry of the house and ascertainment of the absence of the woman with whom he claimed an engagement, he was seen by Fuller who immediately attacked Cox, and was cut by Cox with a knife. Upon the trial of Cox, he testified that he had abandoned the original purpose of his presence in Fuller's house, and, when endeavoring to flee, he was attacked by Fuller, and he cut him in self-defense. This court held that under this state of facts the trial court should have charged on the right of self-defense accruing to Cox on account of the issue of his abandonment of his original purpose.

There is no such testimony in this case. Under all the testimony herein appellant entered Mr. Foerster's home for the purpose of theft; he was in the act of stealing when discovered, and had taken Mrs. Foerster's pocketbook and emptied it in search of valuables.

Art. 1222, sub. 8, P.C., reads as follows:

"8. In cases of burglary and theft by night, the homicide is justifiable at any time while the offender is in the building or at the place where the theft is committed, or is within reach of gunshot from such place or building."

Under this subdivision a burglar or nighttime thief engaged in such unlawful practice not only forfeits his right of self-defense as long as he remains on the property, but within gunshot reach therefrom in his flight.

In the case of Whitten v. State, 29 Tex. Ct. App. 504, 16 S. W. (2d) 296, it is said:

"Under our law it makes no difference whether the party has abandoned the property and is fleeing from the place of the theft. If he be shot while he is still within reach of gunshot from that place, the homicide is justifiable. It seems to us plain that our statute admits of no other construction."

Appellant had forfeited his right of self-defense while engaged in his unlawful act and in gunshot distance therefrom in his flight. Under the statute it being justifiable to take his life, and such lack of the right of self-defense continued until in his flight he was out of gunshot range.

Therefore, we hold first, that there is no testimony of any kind present herein to show an abandonment of appellant's original purpose of burglary and theft at nighttime, and, again, it is shown that he was not out of gunshot range of Mr. Foerster when the deceased engaged in the effort to apprehend this appellant, and therefore appellant had no right under the law to resist Mr. Foerster and take his life.

So believing, this motion will be overruled.