## WILLIAM SMITH JR. V. STATE.

No. 24565. December 21, 1949.
Rehearing Denied January 25, 1950.

*Nelson J. Munger,* and *King C. Haynie* (on appeal only) both of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, *E. T. Branch,* Assistant Criminal District Attorney, Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged with the killing of Leslie D. Gibbins

with malice, and upon conviction, he was assessed the penalty of death.

The proof shows that appellant and a companion prepared themselves for a robbery of the deceased who was a bus driver; and appellant, being possessed of a pistol, these two men boarded this bus at nighttime. Appellant's companion announced that "this is a stick up." Appellant then presented the pistol at the deceased, who gave the companion some money from his shirt. He was immediately shot by appellant while doing something with his money changer, and Mr. Gibbins (the deceased) soon died from this bullet wound in his body. He endeavored to say something to those who soon discovered him, but he was unable to speak and was dead when the ambulance arrived.

Appellant made a written statement relative to the matter, to the introduction of which no objection was made. He also told the officers where the pistol would be found where he had hidden the same, and at such place they found a pistol from which the state showed that the bullet in deceased's body was fired. Appellant also took the stand and told practically the same story as set forth in his confession. He was positively identified with his companion as seen leaving this bus immediately after the witnesss heard a shot. Appellant's written statement reads in part as follows:

"Blackman told me to hold the gun, that he could take the money faster than me. I told him all right, I would hold the gun. About this time the bus came around the corner and stopped. It was headed toward town on Nance. The bus driver stopped when he got even with us. He opened the door and we boarded the bus. Blackman was in front of me. After we got on the bus Blackman stepped to one side and told the bus driver it was a stick up. By this time I had the gun in my hand and drawn on the bus driver. The bus driver reached in his shirt and handed Blackman some money. Blackman made a move like he was going to get the money changer. At this time my pistol went off. At this time Blackman told me to come on and lets go, I think you have done shot him."

There is nothing said in the statement about an accidental shooting. However, in appellant's testimony on the witness stand he says that when Gibbins leaned forward toward the money changer that the confederate (Blackmon) bumped appellant's arm and the pistol was accidentally discharged and the deceased was shot. From appellant's testimony we quote:

"You ask me to stand up before the Jury and show them how I held this gun when I stepped on that bus and when Blackmon told the bus driver it was a stick-up. I held the gun like this (Defendant demonstrates before the Jury how he held the gun.) At that time Blackmon was standing in front of the bus driver and a little to the left of where I was standing, and when Blackmon reached for the money changer and got something out of it, he came back with his arm like this (Defendant indicates to Jury) and bumped my arm and the gun went off."

Appellant objected to the court's charge because same failed to instruct the jury that if, this gun was accidentally discharged, the defendant was entitled to an acquittal. Such a charge was refused by the trial court, but he did apply therein the law as set forth in Art. 42, P. C., which reads as follows:

"One intending to commit a felony and who in the act of preparing for or executing the same shall through mistake or accident do another act which, if voluntarily done, would be a felony, shall receive the punishment affixed to the felony actually committed."

This statute was applied in the case of Walker v. State, 138 Tex. Cr. R. 343, 135 S. W. (2d) 992; and also Cook v. State, 152 Tex. Cr. R. 51; 211 S. W. (2d) 224.

It is shown by the record and affirmed by appellant that he intended to commit the offense of robbery and was so doing when he claims the pistol was discharged and the deceased was shot to death. Therefore, it seems to us that this Art. 42, P. C., became operative; and an accidental discharge of this pistol while appellant was engaged in a robbery is triable as an unlawful killing. The careful trial court so instructed the jury, with which charge appellant seems to have been dissatisfied and filed his two bills of exception relative thereto. The burden of such objections is that in the event of an accidental shooting of deceased by appellant, he was entitled to an acquittal at the hands of the jury. Such was not the law in this instant case, and such requested charges were properly refused. The cited case of Babin v. State, 149 Tex. Cr. R. 339, 194 S. W. (2d) 563, is not in point, same being raised relative to a charge of negligent homicide in a trial for murder. We think the case of Walker v. State, supra, to be in point herein. In that case, we refused to agree that the charges therein complained of and which are practically identical with the ones requested herein were proper charges, and we still maintain such refusal. We think the court's charge contained an admirable presentation

of the law and was not subject to the objections leveled at the same.

The facts are clear and conclusive that appellant and his companion entered into a conspiracy to rob and did rob this defenseless man, and that while carrying out this conspiracy, appellant shot the deceased and killed him. Under the law and the facts he is guilty and is entitled to be punished for murder. The amount of punishment to be meted out for this useless killing rested in the minds of the jury, and we have no authority to disturb their verdict.

No error having been found in the record, the judgment will be affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing presents nothing new for our consideration. The question raised as to the charge on accidental killing was considered in the original opinion and, we think, properly disposed of.

The motion for rehearing is overruled.