### JESSE DOFFIES SMITH V. STATE.

No. 30,559. March 18, 1959.
Motion for Rehearing Overruled May 6, 1959.

*Herbert J. Coleman, Jack L. Penman* (of *Coleman & Penman,*) Houston, for appellant.

*Dan Walton,* District Attorney, *T. D. White, Benjamin Woodall, Charles C. Castles* (Former Assistant District Attorney), by *Benjamin Woodall,* Houston, and *Leon Douglas,* State's Attorney; Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, death.

The state's evidence conclusively shows, and the appellant in his testimony admits, that he went into a supermarket operated by two young Chinese men for the purpose of robbing them. Appellant testified that he bought the pistol which he used for the purpose of robbing someone and that earlier on the night of the homicide he went in the store, "looked it over," left, changed clothes and returned. The state's witnesses testified that the appellant put some groceries in a basket, approached

the checker's stand which was manned by the deceased; that when the deceased told him the total of his bill the appellant said, "I didn't come to give my money to you. I came to get your money"; that when the deceased said, "Let's not kid any more," the appellant struck him in the face with his hand, and when the deceased staggered back the appellant shot at him four times, one of which shots proved fatal.

The only questions presented for review by appellant's two earnest counsel are the failure of the court to grant certain requested charges relating to abandonment of the criminal enterprise and murder without malice.

The first such charge told the jury to acquit the appellant of murder with malice and find him guilty of murder without malice if they found that at the time of the shooting the appellant had abandoned his intent to commit the offense of robbery. They predicate the request for such a charge on certain portions of the appellant's testimony. We must consider such testimony as a whole.

Viewed in the light most favorable to the appellant, his version of the matter was that after he pointed his pistol at the deceased and demanded the money from the cash register, the deceased made a motion as if "to get something" and the appellant pushed him back, and as he made another effort to get "whatever he was going to get," the appellant shot at him to prevent him from doing so and so that he (the appellant) might escape.

A rather similar fact situation was before this court in Leza v. State, 149 Texas Cr. Rep. 448, 195 S.W. 2d 552. Leza was apprehended in the act of burglarizing the home of Foerster, and when Foerster detained him Leza stabbed him in his effort to escape. There, we held that a charge on murder without malice was not called for and that there was no evidence to support a finding that the accused had abandoned his unlawful purpose at the time he killed Foerster.

We quote from 22 C.J.S., Sec. 29, p. 85, in part, as follows:

"The intention to abandon, or withdraw from, the commission of the offense, should be manifested by a free and voluntary act as distinguished from conduct induced or prompted by outside or foreign influences."

At most, appellant's testimony showed, if it does, that he abandoned his intent to rob *after* the deceased made an effort to arm himself, and *not* as a free and voluntary act. See also Jones v. State, 149 Texas Cr. Rep. 441, 195 S.W. 2d 349.

We would add that even if, after demanding his victim's money, appellant did voluntarily abandon his attempt to rob, and killed the storekeeper in making his escape, the offense would not be reduced to murder without malice.

Finding no reversible error, the judgment of the trial court is affirmed.