**Thomas Franklin CARAWAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44187.**

Court of Criminal Appeals of Texas.

Nov. 23, 1971.

Rehearing Denied Jan. 17, 1973.

James A. Moore, Lynn C. Hensley, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ray Montgomery, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Justice.

This is an appeal from a conviction for murder with malice aforethought. Trial was before a jury, with the punishment assessed at death.

Appellant asserts eight grounds of error; six of the grounds relate to the court's charge and two to the appellant's confession being admitted into evidence.

The indictment alleged that the appellant, on December 29, 1968, "did with malice aforethought kill Nathan Lee Webb by choking him with a cord."

The evidence showed that appellant met two young boys in front of a diner in Houston. The appellant told the two boys, "I will show you how to get a queer." The trio then went down the street to a point where the deceased was seated in a car. Appellant approached the deceased and a conversation ensued. The deceased offered five dollars to any one of the three who would permit him to commit oral sodomy. The three boys got into the car with the deceased. The group then went to the deceased's apartment, stopping on the way to buy beer. When the deceased left the car to buy the beer, appellant told the other boys that he was going to knock the deceased out and get his money. At the time, appellant was carrying a butcher knife.

Once at the apartment, appellant and one of the boys, Hill, stripped to their underwear. The deceased began playing with appellant's penis. He also committed oral sodomy on either two or three of the boys.

When the deceased left the room to go to the restroom, the appellant cut a venetian blind cord with the butcher knife and hid it under a pillow on the bed. Also, at this time, appellant stated that he was going to kill the decedent. When the deceased returned to the room, appellant induced him to lie on his stomach on the bed, on the pretext that he was going to have anal intercourse with him. When the deceased lay down, appellant got on top of him. He then reached under the pillow for the cord, placed it around the deceased's neck, and began choking him. The appellant held one end of the cord, and Hill held the other.

A struggle ensued, and the three fell to the floor. Appellant then began hitting the deceased under the chin, saying that he was trying to break the deceased's neck. The appellant got up and began looking through the drawers in the house, leaving Hill still holding the deceased. The appellant then relieved Hill, but by this time, Webb was dead.

The group left the apartment, taking a brief case containing barber tools, some money, and the keys to the deceased's au-

tomobile. They left in the car, appellant and Hill returning to a hotel where appellant's girl friend was staying, the other boy having been let out of the car earlier.

Appellant joined his girl friend and drove to several points, including a motel where the barber tools were sold.

Appellant testified in his own behalf. He admitted killing the deceased, but denied doing so intentionally. He contended he killed in self-defense. According to his testimony, when his two companions left the room to go to the restroom, the deceased gave him a pill of some kind, and ordered appellant to have anal intercourse with him. Appellant refused. The deceased threatened to do bodily harm to him unless he would consent. Decedent then went to the restroom, at which time appellant cut the cord and put it under the pillow.

The State's case in chief was based on the testimony of appellant's girl friend, who testified as to his coming and going and statements he made to her, the testimony of one of the boys who was with appellant, and appellant's confession.

■ Appellant contends in his first ground of error that the trial court erred in failing to charge on the law of murder without malice. Basically, appellant contends that the issue of murder without malice was raised by his testimony concerning the threats made to him by the deceased and his resulting state of mind. His testimony was as follows:

"A He told me I would have to commit sodomy with him.

"Q Tell us exactly what he told you.

"A He told me I would have to * * * [have anal intercourse with him.]

"Q What did you tell him?

"A I told him I didn't want to.

"Q What did he tell you would happen if you didn't?

"A He told me he had been an ex-pro wrestler, if I didn't, I would see, he would hurt me in some form or other, he would take care of me.

"Q Did you tell him you might go to the police and tell on him?

"A I didn't tell him nothing about going to the police, but he said, 'If you do go to the police, all they will do is set a bond on me and I will get out and get you sooner or later.'

"Q Said what?

"A He said, 'All they will do is set a bond on me and I will get out and get you later on, sooner or later.'"

* * * * * *

"Q Were you afraid of Nathan Lee Webb on December 29, 1968?

"A Yes, sir, I was.

"Q Did you think he was going to hurt you?

"A Yes, sir.

"Q Did he tell you he was going to hurt you?

"A Yes, sir.

"Q There was no question in your mind?

"A No, sir."

Art. 1257c, Vernon's Ann.P.C., requires that the court charge on the law of murder without malice "where the facts present the issue." It defines murder without malice as:

"a voluntary homicide committed * * under the immediate influence of a sudden passion arising from an adequate cause, by which it is meant such cause as would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection * * *."

**110**

We do not feel that a charge on the law of murder without malice was warranted under the facts of this case.

The court charged the jury that:

" * * * if you should believe from the evidence beyond a reasonable doubt that the Defendant * * * while in the act of preparing for or executing the offense of robbery, did with malice aforethought kill Nathan Lee Webb by choking him with a cord * * * you will find him guilty of the offense of murder with malice aforethought.

"But if you do not so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, then you will find the Defendant, Thomas Franklin Caraway, not guilty."

Thus, under the instructions of this charge, if the jury did not believe that appellant killed the deceased while either preparing for or committing the offense of robbery, they would have no alternative but to acquit. On the other hand, if they did believe that he killed the deceased while preparing for or committing the act of robbery, then there would be no necessity for a charge on the law of murder without malice, for the affirmative finding of robbery by the jury would negate the possibility of murder without malice. See: Dickson v. State, 463 S.W.2d 20 (Tex.Cr. App.1971); Leza v. State, 149 Tex.Cr.App. 448, 195 S.W.2d 552 (1946); cf. David v. State, 453 S.W.2d 172 (Tex.Cr.App.1970); Smith v. State, 168 Tex.Cr.R. 102, 323 S.W.2d 443 (1959); Rayson v. State, 160 Tex.Cr.R. 103, 267 S.W.2d 153 (1954).

■ Appellant complains the court did not charge on self-defense. The charge, as worded, would obviate the necessity of charging on self-defense. If the jury did not believe that appellant killed the deceased while preparing for or committing the act of robbery, they had no alternative but to acquit. On the other hand, if they did believe that he so killed, their affirma-tive finding of robbery would preclude a charge on self-defense, for appellant would have forfeited his right of self-defense by committing robbery, Dickson v. State, 463 S.W.2d 20 (Tex.Cr.App.1971), and cases therein cited.

Further, a charge on the law of self-defense was not required because there was no evidence that at the time of the killing, the deceased was attacking appellant, or was in any executing the threats he made. Art. 1224, V.A.P.C., Gonzales v. State, 426 S.W.2d 859 (Tex.Cr.App.1968); Henderson v. State, 402 S.W.2d 180 (Tex.Cr.App.1966); Johnson v. State, 167 Tex.Cr.R. 289, 319 S.W.2d 720 (1958); Herrera v. State, 159 Tex.Cr.R. 175, 261 S.W.2d 706 (1953).

■ Appellant also complains that the court erred in charging the jury under Art. 42, V.A.P.C. He claims that the indictment alleged only murder with malice aforethought, *not* an accidental killing committed while preparing for or executing a felony, and that therefore the indictment failed to inform him as to the accusation he needed to meet.

This Court has held that the State need not plead its evidence in the indictment. Silva v. State, 112 Tex.Cr.R. 223, 15 S.W. 2d 1046 (1929); Jones v. State, 89 Tex.Cr. R. 355, 231 S.W. 122 (1921).

This Court has also held that it is proper for a trial court to refuse to charge the jury on the law of accident as a defense in murder cases, where the killing was committed while the defendant was preparing or committing a felony. Hodges v. State, 160 Tex.Cr.R. 579, 272 S.W.2d 902 (1954); Smith v. State, 154 Tex.Cr.R. 234, 225 S.W. 2d 846 (1949); McElroy v. State, 134 Tex. Cr.R. 445, 115 S.W.2d 971 (1938). Further, this Court has held that an instruction eliminating accident as a defense, under Art. 42, V.A.P.C. is proper, Marrufo v. State, 172 Tex.Cr.R. 398, 357 S.W.2d 761 (1962); Smith v. State, supra; McElroy v. State, supra, notwithstanding the

fact that the indictment alleged only murder with malice. Hodges v. State, 160 Tex. Cr.R. 579, 272 S.W.2d 902 (1954).

In Smith v. State, supra, the portion of the charge of the court based on Art. 42, V.A.P.C., which was approved on appeal, was identical with a portion of the charge in the instant case.

Further, it appears that the court, in applying the law to the facts in the charge did not charge under Art. 42, V.A.P.C. The charge (the relevant portion is set forth earlier in this opinion) required that the jury find in order to convict, (1) that the killing was committed while the defendant was preparing for or executing the offense of robbery *and*, (2) that it was committed with malice aforethought. Thus, the burden on the State was greater than would be required either under ordinary murder with malice (an additional element, robbery, had to be proved), or under Article 42, V.A. P.C. (the element of malice aforethought). Such a charge has been held not to be error. Cook v. State, 211 S.W.2d 224 (Tex. Cr.App.1948).

In the instant case, the indictment fairly apprised appellant of the charges against him. Further, the evidence offered by the State showed that he did kill the deceased on the date alleged in the indictment, by choking him with a cord. The charge of the court served only to deprive appellant of a defensive theory, to which, under Art. 42, V.A.P.C., he was not entitled.

■ Appellant complains in his fourth ground of error that the court erred in not charging the jury that, unless they believed beyond a reasonable doubt that he was prompted and acted with malice aforethought, they could not convict him of an offense higher than murder without malice. Appellant contends that Art. 1257b, V.A. P.C., requires such a charge. This Court has held that Art. 1257b must be construed in connection with Art. 1257c, and that Art. 1257c applies only when the issue of murder with malice is raised by the evidence.

Hoskins v. State, 122 Tex.Cr.R. 643, 57 S.W.2d 156 (1933). As discussed earlier, the issue is not raised by the evidence. In any event, the court's charge did define malice aforethought.

■ Appellant complains by his fifth ground of error that the court erred in applying the law to the facts by not instructing the jury that, in order to convict, they must find that he killed through accident or mistake.

Appellant did not object in writing to the charge on this ground in the trial court as required by Article 36.14, Vernon's Ann. C.C.P. Any error in failing to so charge is not preserved. Baity v. State, 455 S.W. 2d 305 (Tex.Cr.App.1970); Corbitt v. State, 445 S.W.2d 184 (Tex.Cr.App.1969). The charge as given actually placed a heavier burden on the State than would have been the case under the charge requested by appellant on appeal. The charge given required malice aforethought, as defined, not accident. Thus, the error, if any, was not fundamental. Therefore, it need not be considered by this Court, Nielson v. State, 437 S.W.2d 862 (Tex.Cr.App.1969).

■ Appellant's ninth ground of error complains that the trial court erred in submitting the issue of malice aforethought to the jury at the guilt phase of the trial. He contends that the issue of malice has no bearing on the issue of guilt, but is only relevant to the question of punishment, and that under Art. 37.07(2), V.A.C.C.P., the issue of malice should be submitted only at the punishment phase of the trial. This contention is without merit.

Further, we fail to see how appellant was harmed by the procedure followed.

■ Appellant complains by his last two grounds of error of the admission into evidence of his written confession and of the findings of the trial court that he knowingly, intelligently, and voluntarily waived his right to have an attorney present during his custodial interrogation. Appellant

contends that the warning which he was given by a magistrate soon after his arrest did not comply with Art. 15.17, V.A.C.C.P., for the reason that the magistrate did not present him with "any affidavit filed therewith." He contends, therefore, that his confession would be inadmissible because of this failure. We do not agree.

Art. 38.22(1)(b), V.A.C.C.P. (Supp. 1971), provides that the proper warnings by *either* the magistrate *or* the person taking the confession are sufficient to make the confession admissible. See Easley v. State, 448 S.W.2d 490 (Tex.Cr.App.1970); Easley v. State, 454 S.W.2d 758 (Tex.Cr.App. 1970). In this case, the record indicates that the requisite warnings were given by the officer to whom the statement was given.

Appellant contends that the trial court was not justified in finding that he knowingly, intelligently, and voluntarily waived his right to have an attorney present during his interrogation.

The record reflects that the trial court held an extensive hearing on the issue of voluntariness of the confession, as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and Art. 38.22, V.A.C.C.P.

Briefly, we will summarize the circumstances surrounding the arrest and confession.

Appellant was arrested at about 9:30 p. m., on January 5, 1969. At the time of arrest, appellant was given the warnings prescribed by Art. 38.22, V.A.C.C.P., and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), by the arresting officers. He was then taken to the police station where he was taken before a magistrate who again gave him the warnings prescribed in Art. 15.17. Thereafter, the appellant was placed in jail.

At about 2:00 a. m., appellant was taken out of jail by an officer. He was again warned. Prior to making the confession, appellant called an attorney and talked with him for about five minutes. The attorney advised appellant not to say anything, but appellant stated that he decided to make the statement nevertheless. The officer told the appellant, referring to the lawyer's advice, "I could have told you that." Several members of the news media were present at the time the confession was given, and one of them testified at the hearing on the confession. His testimony was similar to that of the interrogating officer.

Appellant testified that he was extremely tired at the time he signed the confession and that he signed it so that he could be allowed to get a cup of coffee. He stated that he did not realize the content and meaning of the paper he was signing. The State offered evidence contradicting this testimony, including testimony of a television newsman that appellant appeared wide awake and alert, that he was allowed to move about freely and to get coffee, and that he read from the statement before signing it.

Appellant's attorney at the time of arrest testified that he went to the jail at about midnight on the date of arrest, but that he was not allowed to see appellant until about 2:00 a. m. He then was allowed to see the appellant. The reason for the delay is not shown, but there was no evidence that appellant was interrogated during this period, or that he was denied the right to consult with counsel during the interrogation, if he so desired. Further, the evidence showed that he was allowed to consult with counsel before making his confession, and that despite the warning of his counsel, he chose to make the statement. Considering the evidence presented which showed that appellant was cognizant of his acts, and that he was allowed counsel, we find the evidence sufficient to support the court's findings. See, Hancock v. State, 462 S.W.2d 36 (Tex.Cr.App.1970); Easley v. State, 448 S.W.2d 490 (Tex.Cr.App. 1970); McCandless v. State, 425 S.W.2d 636 (Tex.Cr.App.1968).

Appellant's main contention is that his confession is inadmissible because he did not make an intelligent waiver. He contends, by virtue of the fact that his lawyer warned him to remain silent, that his subsequent waiver was not intelligently and knowingly made. We disagree. If this were the rule, then a warning given to a client by a lawyer would effectively negate any subsequent waiver. In this case, the evidence was clearly sufficient to support the court's finding that appellant knowingly, intelligently, and voluntarily waived the presence of a lawyer. Appellant had been warned several times, at arrest, before the magistrate, at the interrogation, by his lawyer and in the wording of the confession itself. The testimony of the State's witnesses was that he was alert, read from the confession, and was not coerced. From all the circumstances, we conclude that the findings were supported by the evidence.

The judgment is affirmed.

## OPINION

### ON APPELLANT'S MOTION FOR REHEARING

DAVIS, Commissioner.

After the opinion herein, the Supreme Court of the United States overruled the prior holding of this and other courts in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, and in Branch v. Texas, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, when it held in effect that the death penalty may not be assessed under our present statute.

The Honorable Preston Smith, Governor of Texas, acting upon the recommendation of the Board of Pardons and Paroles by Proclamation dated September 14, 1972, has commuted the punishment in this cause from death to life imprisonment.

As a result of the Governor's commutation and authority of Whan v. State, Tex. Cr.App. 485 S.W.2d 275, the judgment of

the trial court is ordered reformed to show the punishment assessed at life.

We have considered the contention raised by appellant in his brief filed on motion for rehearing and find that same was fully discussed and properly disposed of in this Court's original opinion.

The judgment as reformed is affirmed and appellant's motion for rehearing is overruled.

Opinion approved by the Court.

ONION, P. J., dissents for the reason stated in Whan v. State, supra, and Stanley v. State, 471 S.W.2d 113 (No. 43,907, 12–6–72).