James Edward ANTWINE, Appellant,

v.

The STATE of Texas, Appellee.

No. 45096.

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Rehearing Denied Nov. 29, 1972.

Melvyn Carson Bruder, Dallas (court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The punishment was assessed at death.

A companion case of Grayson v. State, Tex.Cr.App., 481 S.W.2d 859, reflects substantially the same State's evidence. Antwine, the appellant in the present case, was referred to in that case as James Edward Kemp.

Harold C. McBride, the operator of the Payless Liquor Store on Inwood Road in Dallas, was shot with a .22 caliber pistol during a robbery and died as a result of the wound.

Thelma Jackson testified that she, Charles Grayson, Lenard Grayson, Billy Ray Jackson and James Edward Antwine, the appellant, were in a car while the robbery of the store was planned. Grayson told Billy Ray Jackson and the appellant in rather crude language to shoot the old man if he gave them any trouble. Thelma Jackson and Lenard Grayson stayed in the car while the others went to the store. She also testified that at the time of the robbery appellant had a .22 caliber pistol in his possession. Billy Ray Jackson carried a .38 caliber pistol.

While the robbery was in progress, James Bunch, the operator of a nearby service station, armed himself after seeing the group pass his place of business. As he approached the liquor store he saw one of the men beating McBride. As Billy Ray Jackson ran outside the store, he and Bunch began shooting at each other. Jackson was wounded and fell to the ground. He dropped the .38 caliber pistol and Bunch kicked it away. Grayson, who had apparently taken McBride's gun, came out of the store and shot as he ran. Another service station operator fired a shot at the robbers. Grayson and the appellant left in the getaway car.

The appellant testified that he had been drinking and was asleep in the car. His testimony in substance was that he did not take part in the robbery but went in the store to see what was happening and then the shooting started.

■ The first complaint is that the evidence does not show that McBride died as a result of a gunshot wound. The pathologist, Dr. Sturner, testified that he examined the body and death was caused by pneumonia and peritonitis, and ". . . the cause of death is the bullet wound; the mechanism is the infection." The doctor testified on cross-examination that other things could cause pneumonia.

The fact that pneumonia and peritonitis can be brought about by other than bullet wounds is of no consequence. The evidence in this case shows death was caused by bullet wounds and is sufficient to support the verdict.

■ Next, the appellant contends that the court erred in admitting into evidence photographs of the deceased and of the scene of the homicide. The photographs of the area show the locations of the buildings and with their aid the jurors can better understand the testimony. The bullet holes in the liquor store building assist in showing the overall picture of the robbery and homicide. All of these photographs are in black and white. What is apparently a photocopy of a photograph of the body of the deceased appears in the record. It apparently shows bullet wounds to the body. Nothing unduly prejudicial is shown.

This Court held in Martin v. State, Tex. Cr.App., 475 S.W.2d 265, that photographs are admissible as an aid to the jury in better understanding the testimony of the witnesses and the fact that blood spots are depicted does not rule out their admissibility. The Court also held that there did not have to be a disputed fact issue for photographs to be admissible. It was noted that in some instances the probative value of the photographs might be slight and the inflammatory aspects great and that in such cases an abuse of discretion would be shown. See also Smith v. State, Tex. Cr.App., 478 S.W.2d 518; White v. State, Tex.Cr.App., 478 S.W.2d 506, and Gamblin v. State, Tex.Cr.App., 476 S.W.2d 18.

■ Next, it is contended that the court erred in refusing to charge on circumstantial evidence.

Thelma Jackson testified that the robbery was planned and Grayson told the appellant and Jackson to shoot the old man if he gave them any trouble. This testimony shows an agreement to commit a robbery by the use of firearms. Other testimony shows the appellant was a participant in the robbery when the homicide took place.

Article 42, Vernon's Ann.P.C., provides:

"One intending to commit a felony and who in the act of preparing for or executing the same shall through mistake or accident do another act which, if voluntarily done, would be a felony, shall receive the punishment affixed to the felony actually committed."

In Smith v. State, 154 Tex.Cr.R. 234, 225 S.W.2d 846, there was an agreement or conspiracy to rob a bus driver. This Court held that where an accused intended to commit robbery and was doing so when the victim was killed, the killing, even if accidentally caused, would be murder.

There was direct evidence to connect the appellant with the robbery which resulted in death. This takes the case out of the realm of circumstantial evidence and renders such a charge unnecessary.[1] No error has been shown.

■ The complaint that the court erred in refusing to charge on cause of death is without merit. The testimony of the pathologist that the deceased died as a result of gunshot wounds to the chest and abdomen was not controverted. No issue was made.

■ It is contended that reversible error was committed because the court would not permit the appellant to inform the jury that Grayson was assessed a punishment of 250 years for his part in the robbery.

In Tucker v. State, Tex.Cr.App., 461 S.W. 2d 630, this Court wrote:

"It is axiomatic that it is inadmissible to prove that another, jointly or separately indicted for the same offense, has been convicted or acquitted. . . ."

There is no reason to change the rule. This contention is overruled.

■ Lastly, it is contended that the prosecutor improperly commented on the appellant's testimony. During cross-examination, the appellant testified that he had never been in the liquor store prior to the date in question. The prosecutor then stated, "Well, you created a big bang when you were there." The court sustained an objection to the question or statement and instructed the jury not to consider it. We perceive no error.

It is also contended that the death penalty constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States. The Supreme Court of the United States overruled the prior holdings of this and many other courts in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, and in Branch v. Texas, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, when it held in effect that the death penalty may not be assessed under our present statutes. In view of that holding, the matter will not be discussed further. Since the decision of the Supreme Court, The Honorable Preston Smith, Governor of Texas, has commuted the punishment in this cause from death to life imprisonment. Because of such commutation and under the authority of Whan v. State, 485 S.W.2d 275 (1972), the judgment of the trial court should be, and is ordered, reformed to show the punishment to be assessed at life.

The record contains no reversible error.

The judgment, as reformed, is affirmed.

---

1. The court did charge in line with the appellant's testimony that mere presence does not make one a principal.